■ In the Matter of CRAIN COMMUNICATIONS, INC., Petitioner, v THOMAS J. HUGHES, Respondent.—In this CPLR article 78 proceeding to compel the unsealing of the record in a proceeding for the judicial dissolution of BRI Coverage Corporation, application denied and the petition dismissed, without costs. Respondent's motion to dismiss for lack of personal jurisdiction denied, without costs.

Petitioner, the publisher of a weekly newspaper that reports on news of interest to the insurance industry, has failed to demonstrate that the sealing of the court record in order to facilitate the proposed settlement between BRI and two of its former employees and outgoing shareholders, which settlement was contingent upon such action, was in excess of its powers or an abuse of its discretion.

The common-law right to inspect and copy judicial records is not absolute, particularly where such records are a source of business information which might harm a litigant's competitive standing, and the determination of whether access to such records is appropriate is best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case. *(See, Nixon v Warner Communications,* 435 US 589, 598-599; *Matter of Herald Co. v Weisenberg,* 89 AD2d 224, 226, *affd* 59 NY2d 378; *see generally, Matter of Knight-Ridder Broadcasting v Greenberg,* 70 NY2d 151, for a discussion of qualified privilege in another context, i.e., the Shield Law.)

The fundamental precept that trials and judicial proceedings generally shall be open to public view and the mandate of Judiciary Law § 4 (providing that court sessions shall be public) do not preclude a court's exclusion of the public when

such exclusion is necessary or appropriate to the protection of confidential trade information *(Matter of New York Tel. Co. v Public Serv. Commn.,* 56 NY2d 213, 219-220).

Here, there is no showing of any legitimate public concern, as opposed to mere curiosity, to counterbalance the strong public interest in encouraging the settlement of private litigation and the resultant prejudice to the settling parties, which would ensue from disclosure of trade secret information *(see, e.g., Richmond Newspapers v Virginia,* 448 US 555, 600, n 5 [concurring opn of Stewart, J.]; *Anderson v Cryovac, Inc.,* 805 F2d 1, 10-13; *Standard & Poor's Corp. v Commodity Exch.,* 541 F Supp 1273, 1274-1278). Concur—Murphy, P. J., Kupferman, Carro, Ellerin and Smith, JJ.