■ JOHN HEARD et al., Individually and on Behalf of All Others Similarly Situated, Respondents, v MARIO M. CUOMO, as Governor of the State of New York, et al., Respondents.

MICHAEL KOSKINAS et al., Individually and on Behalf of All Others Similarly Situated, Respondents, v Jo I. BOUFFORD, as President of the New York City Health and Hospitals Corporation, et al., Appellants, and MARIO M. CUOMO, as Governor of the State of New York, et al., Respondents.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered March 31, 1989, which granted plaintiffs' motion to amend the court's prior confidentiality order so as to permit the public filing of plaintiffs' February 3, 1989 supplemental memorandum of law, unanimously affirmed, without costs.

Pursuant to this court's decision of July 28, 1988 (142 AD2d 537) and the Supreme Court's confidentiality order of August 12, 1988, plaintiffs were permitted to inspect 250 written service plans formulated for psychiatric patients of State and city facilities upon their discharge. Prior to such inspection, the documents were redacted to prevent the discovery of any information tending to identify any patient. The confidentiality order provided that the documents were to be used by plaintiffs only in connection with this litigation and kept confidential by them and their agents.

Based upon analysis of these service plans, plaintiffs filed, under seal, a supplemental memorandum of law in support of their motion for a preliminary injunction and then moved to modify the confidentiality order to allow public release of that document, a procedure in conformity with and expressly permitted by the confidentiality order. The *amicus curiae,* previously appointed by the court to advise it and the parties with respect to the privacy interests of discharged patients whose service plans had been disclosed, stated that no such interests were implicated in the public filing of the memorandum.

Insofar as is relevant to this appeal, the Supreme Court's granting of plaintiffs' motion follows our earlier direction. Where the public interest in the subject of the discharge of homeless psychiatric patients is great and the document sought to be disclosed is a legal memorandum in support of a request for court intervention, which does not contain any information tending to identify the patients, it is clear that "the interests of justice significantly outweigh the need for confidentiality" (Mental Hygiene Law § 33.13 [c] [1]), and that the public interest in disclosure of the supplemental memorandum, the fruit of pretrial discovery, can be fully satisfied without risk to the public interest in nondisclosure of the confidential information contained in the underlying service plans *(Matter of New York News [Ventura],* 67 NY2d 472, 477; *cf., Matter of Crain Communications v Hughes,* 135 AD2d 351,

*affd* 74 NY2d 626). Concur—Kupferman, J. P., Sullivan, Ross, Carro and Kassal, JJ.