■ THE PEOPLE OF THE STATE OF NEW YORK, by ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent, v WESTCHESTER COUNTY S.P.C.C. et al., Defendants, and A, Appellant.—In an action by the plaintiff Attorney-General seeking, *inter alia,* the dissolution of the defendant Westchester County S.P.C.C. and the removal of the defendant "A" from the position of officer, director or agent of that corporation, the defendant "A" appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered January 10, 1990, which, after an in camera inspection by the court of sealed records pertaining to treatment for mental illness suffered by the defendant "A", granted the motion by the Attorney-General for an order unsealing those records for inspection by him.

Ordered that the order is affirmed, with costs.

We disagree with the contention of the defendant "A" that the court's order was in error. Mental Hygiene Law § 33.13 (c) (1) provides that records regarding treatment for mental disorder shall not be released except, *inter alia,* "pursuant to an order of a court of record requiring disclosure upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality". Further, Mental Hygiene Law § 33.14 (b) (2) provides that sealed records may only

be unsealed, *inter alia,* "by order of a court upon a demonstration by the party seeking to have the records unsealed that such unsealing is essential to the interests of justice" *(see also, Heard v Cuomo,* 142 AD2d 537, *after remand* 160 AD2d 590). In the case at bar, the defendant "A", as an officer of the Westchester S.P.C.C., possessed wide powers as a peace officer pursuant to CPL 2.10 (7-a); 2.20, and 140.25, permitting him to carry handguns and to make arrests. There was, however, much evidence on the record, most of which remained undenied by the defendant "A", that he abused these powers. Apart from defying an order of the court to register six unregistered handguns in his possession, this defendant also in his "best judgment" sent a 15-year-old boy to an illegal gun seller to purchase a gun, as a method of obtaining evidence against the gun dealer. The boy was subsequently assaulted and threatened by the dealer. Finally, the defendant, on an application to register a handgun, denied that he had ever been treated for mental illness and, after the commencement of this action, obtained an order sealing his hospital records. In these circumstances, the court's order was proper.

We have examined the parties' remaining contentions and find them to be without merit. Thompson, J. P., Eiber, Miller and Ritter, JJ., concur.