OPINION OF THE COURT
George B. Ceresia, Jr., S.
As an incident to this application to settle certain claims for the wrongful death of the decedent and for an allocation and distribution of the settlement proceeds, the petitioners herein have requested the court to issue an order sealing the court *748 records concerning this case pursuant to part 216 of the Uniform Rules for Trial Courts (22 NYCRR part 216).
Part 216 became effective on March 1, 1991, and reads in pertinent part as follows: "§ 216.1. Sealing of court records in civil actions in the trial courts, (a) Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and an opportunity to be heard.” Since this information rule is of recent vintage, this presents a case of first impression for the court and the court was unable to find any other cases dealing directly with this uniform rule. In the course of making its decision, the court has relied quite heavily on the Albany Law Review article by Professor George F. Carpinello entitled Public Access to Court Records in Civil Proceedings: The New York Approach (54 Albany L Rev 93) and on an article by Michael Hoenig, Esq., entitled New York’s Rule on Sealing of Court Records which recently appeared in the New York Law Journal (Mar. 1, 1991, at 3, col 1).
In order for the court to grant the petitioners’ request to seal the papers filed in support of this application to settle the wrongful death claim, the court must make a written finding of good cause which specifies the grounds for sealing the court records. As discussed by Professor Carpinello and Mr. Hoenig, there is a concern as to what suffices for a showing of "good cause”. Is the standard meant to be that which is set forth in CPLR 3103 relative to obtaining a protective order? CPLR 3103 speaks in terms of preventing unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts. Or was "good cause” intended to refer to the express standards set forth in Federal Rules of Civil Procedure, rule 26 (c). Professor Carpinello opines that it would be inappropriate to use either standard when considering a motion to seal. Because of the number and variety of factual settings to which the standard of "good cause” must be applied, Professor Carpinello states that it would be inappropriate and probably impossible to set a more rigid standard. He apparently prefers to view "good cause” as a "well-established standard” which "admonishes the court to make a *749 considered judgment balancing the relative benefits and burdens of the parties”. (54 Albany L Rev, at 103.)
The decedent in this matter was the 18-year-old son of the petitioners. He died as a result of injuries received in an automobile accident. Although a lawsuit has not been commenced, there have been extensive negotiations among the petitioners’ attorney and the potential defendants. The settling parties are the owner and the operator of the car involved in the accident, a local hospital, and a local doctor. The petitioners have attached to their petition for settlement the decedent’s complete medical record relative to his confinement in the local hospital and the affirmation of their attorney setting forth in detail the negotiations involved in settling this claim.
It could be argued that this new uniform rule creates a presumption of public access to all court records. However, hasn’t this always been the case? It’s the court’s view that this uniform rule has not given the public any greater access to court records than it had previously but rather that it calls upon the courts to be more circumspect in granting motions to seal. There still remains a strong public interest in encouraging the settlement of private litigation. This must be counterbalanced against the public’s right to know.
The uniform rule states that "the court shall consider the interest of the public as well as the parties”. In this particular case, the public interest would seem limited to mere curiosity as to the amount of the settlement. This is not a case concerning a defective product or a dangerous situation that would involve matters of health or safety. On the other hand, the petitioners are entitled to maintain their privacy. The medical records contain anecdotal items which have not been established as fact and which are potentially embarrassing to the memory of the decedent and his family. Disclosure of the items would serve no useful public purpose. Additionally, as pointed out by Mr. Hoenig, confidentiality protects settling plaintiffs from becoming targets of unwanted solicitations and swindles.
Further, the privacy interests of the potential defendants in this case must also be weighed and considered. Since a lawsuit was not commenced, this matter would not even be before the court except for the fact that it involves a decedent’s estate. As previously stated, there is a strong public interest in encouraging the settlement of private actions. In this case, the *750 three defendants have offered to settle the petitioners’ claims without admitting liability. There is a legitimate concern that if this settlement were to be made public, the public would construe the settlement as an admission of guilt by the potential defendants. If defendants were not assured of some confidentiality in the settlement of cases, there is a strong likelihood that even reasonable settlements would be resisted, thus unnecessarily forcing a formal trial of the issues. In this day of a heavily overburdened judicial system, the courts should do all that is within their power to encourage reasonable settlements of private claims rather than fostering litigation.
Having weighed the petitioners’ and the potential defendants’ desires for privacy against a lack of legitimate public interest in the details of this settlement, the court finds that the petitioners have presented sufficient "good cause” for the sealing of the court records concerning the application for the settlement of this wrongful death claim. The chief clerk of the court is directed to open a separate file relative to this estate in which shall be deposited all of the papers concerning the application for settlement. This file shall be kept with the court’s other confidential documents. The rest of the estate file shall be maintained in the court’s regular files which are open to the public.