OPINION OF THE COURT
Margarita Lopez Torres, S.
In these two proceedings to compel the production of the wills of Christina Hansen Petrowski Schwartz and Mark Schwartz, the children of Christina, who are also the stepchildren of Mark, ask the court to seal the documents which have been produced by the respondent.
Background
By petitions dated July 25, 2008, Melissa Hansen Petrowski and Nicholas Petrowski sought to compel the New York City Police Department (NYPD) to produce documents in their possession purporting to be the wills of Mark and Christina Schwartz. Pursuant to SCPA 1401, the court directed the NYPD to produce any documents in their possession purporting to be the decedents’ wills in court on August 12, 2008.
On August 12, 2008, counsel for the petitioners, counsel for Mark Schwartz’s parents, and counsel for the NYPD appeared in court. The NYPD complied with the order and turned over the documents to the court. Asserting that matters contained in the documents may cause embarrassment to the decedents and their families, the petitioners, joined by Mark Schwartz’s parents and the NYPD, made an oral application to seal the documents. The court declined to entertain the oral application and instead provided the petitioners, and Mark Schwartz’s parents, as well as the NYPD, with an opportunity to submit their written application by August 14, 2008. In the interim, the court has maintained the relevant documents in chambers. The petitioners submitted their written application, while Mark Schwartz’s parents and the NYPD did not.
Analysis
Public access to the courts is a hallmark of our system of adjudicating disputes and is “rooted in [our] distrust for secret tribunals.” (Matter of Gannett Co. v De Pasquale, 43 NY2d 370, 376 [1977].) By secreting the proceedings before it, a court *862 removes “the bright light cast upon the judicial process by public observation [which] diminishes the possibilities for injustice, incompetence, perjury, and fraud.” (Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 501 [2d Dept 2007], quoting Republic of Philippines v Westinghouse Elec. Corp., 949 F2d 653, 660 [3d Cir 1991].) Accordingly, applications to seal court records will only be granted where an overriding compelling interest is demonstrated.
In determining whether to seal records, courts are bound by the provisions of section 216.1 of the Uniform Rules for Trial Courts. (22 NYCRR 216.1.) That rule states:
“Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard.” (22 NYCRR 216.1 [a].)
In determining whether good cause has been demonstrated, courts must weigh the interests of the public against the interests of the parties. (See Mancheski v Gabelli Group Capital Partners, 39 AD3d 499 [2d Dept 2007].)
In support of the applications in both estates, neither Mark Schwartz’s parents nor Christina Schwartz’s children submitted an affidavit. Instead, counsel for Melissa and Nicholas submitted an affirmation alleging “the contents of the documents contain information which is potentially embarrassing to the memory of the decedent and his family.” (Dardis affidavit 1Í 5.) Also annexed to the application is an affirmation from counsel for the NYPD which contains the conclusory and hearsay allegation that counsel spoke with a detective who expressed concern that not sealing the documents “may serve to impede the investigation.” (Chan affidavit 1i 3.) However, although the NYPD was specifically advised that if it had an interest in sealing the records, the NYPD would have to apply for a sealing order and was provided an opportunity to do so, the NYPD has submitted no such application.
In support of their contention that court records may be sealed if matters contained therein are deemed embarrassing, *863 the applicants cite Matter of R.R. (153 Misc 2d 747 [Sur Ct, Rensselaer County 1992]). In that case, which was decided in the context of a wrongful death compromise, the decedent’s parents requested that the court seal the file because it contained the decedent’s medical records. They alleged the medical records contained anecdotal notations which could be embarrassing to the decedent’s memory and to his family. The parents’ application was joined by the defendants in the wrongful death proceeding because the defendants wished to keep their settlement a secret. The court sealed the file, finding that the privacy interests with regard to the medical records and the court’s policy to encourage settlement of cases outweighed the rights of the public to have access to the file. Matter of R.R. is inapplicable to the instant case. The privacy of medical records traditionally has been paramount to other interests, and the need for privacy with relation to such records has been recognized by both state and federal legislatures. (See e.g. 45 CFR 164.502 et seq. [rules enacted pursuant to the Health Insurance Portability and Accountability Act of 1996 requiring professionals and institutions such as physicians and health insurance providers to obtain a patient’s consent for the release of medical information]; Public Health Law § 2997 [requiring the Department of Health to examine state laws with regard to patient privacy].) In examining the documents submitted in this case, the court finds no information which would require the privacy afforded to medical records.*
The applicants also cite to Matter of Twentieth Century Fox Film Corp. (190 AD2d 483 [1st Dept 1993]) to support their application. In Twentieth Century, the Appellate Division reversed the lower court’s ruling to grant the public access to the proceedings involving the approval of an employment agreement between a motion picture studio and an actor who was a minor. This case, too, is inapplicable. The reasoning in Twentieth Century is grounded in the long established practice of courts to keep private information relating to infants — “in matters involving the protection of an infant, we find that [the public *864 interest] is not sufficient to overcome the compelling arguments made in favor of preserving the privacy of the parties, particularly the infant.” (Id. at 486.) Additionally, the court in Twentieth Century also considered a court’s responsibility to protect the interests of the infant by virtue of Arts and Cultural Affairs Law § 35.03, which allows an infant to enter into binding and beneficial contracts with the approval of a court. The record in this case makes no such compelling argument for sealing. In fact, as noted earlier, no affidavit was submitted from any individual who may potentially be affected by the disclosure of the records herein.
When the parties were before the court on August 12, 2008, they expressed a need to keep these proceedings private from the press who have already published details regarding the tragic deaths of Mark and Christina Schwartz. The court is cognizant that “[widespread public awareness kindled by media saturation does not legitimize mere curiosity.” (Matter of Gannett Co. v De Pasquale, 43 NY2d 370, 381 [1977].) However, this application does not merely raise concern regarding the general public’s access to the records. In proceedings involving purported wills, there may be persons other than distributees who are interested in the provisions of a will. The court is reluctant to limit access to purported wills, because to do so would necessarily impede the rights of legatees who may wish to pursue their rights under a decedent’s testamentary plan. The legislature’s concern that distributees not impede the rights of legatees is evident from such enactments as SCPA 1003 (5). That section requires that in proceedings to appoint an administrator in situations where a purported will is on file with the court, all those who may be interested in the will are entitled to process. To seal the records on the request of distributees would prevent possible legatees from assessing their rights and would set a precedent not warranted under the facts here. Furthermore, probate and administration cases are necessarily not private matters and usually involve multiple parties. Sealing these records, in effect would also seal the records for all parties involved in any future accounting or miscellaneous proceedings before the court in these estates. Although petitioners’ counsel states they will not seek to probate the purported wills, in a proceeding for administration in lieu of probate, the legatees and devisees must be cited. (SCPA 1003 [5].) Even if the legatees waive the right to be cited, they must have received a copy of or have examined the will for the waiver to be effective. (SCPA 401 [4].)
*865 Additionally, wills do more than dispose of assets. For some persons, wills contain their final thoughts regarding their lives and their relations with others. Accordingly, the court must also balance the desire of the deceased to have his or her final sentiments be known. In the instant case, the decedents were attorneys who were no doubt aware that wills are not effective unless they are granted probate by a Surrogate’s Court and that court files are open to the public.
Conclusion
“[C]onclusory claims of the need for confidentiality of settlement agreements are insufficient to seal a record . . . [and] the mere fact that embarrassing allegations may be made . . . even if ultimately found to be without merit, is not a sufficient basis for a sealing order.” (Matter of Hofmann, 284 AD2d 92, 94 [1st Dept 2001].) The finding of good cause required by section 216.1 “presupposes that public access to the documents at issue will likely result in harm to a compelling interest of the movant.” (Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 502 [2007].) Here, the applicants have failed to cite any compelling interest that would be harmed if the public were given access to the documents produced in this matter. Accordingly, the application to seal the documents is denied. However, the court will keep the records in chambers for one week to allow the parties, if they wish, to apply for an order from the Appellate Division with regard to the sealing of these records.

 The court also disagrees with the reasoning in Matter of R.R. that sealing settlement agreements serves to encourage parties to settle their disputes. Indeed, 22 NYCRR 216.1 was enacted, in part, to address the common practice of sealing settlement agreements in product liability litigation because of the potential harm such sealing could cause to the public using the defendant’s products. That the defendant physicians in Matter of R.R. wished to keep the allegations against them secret from the public is no different than the position taken by defendants in product liability cases.