OPINION OF THE COURT
James Hudson, J.
It is ordered that plaintiffs’ motion to seal the proposed settlement of this case is denied (22 NYCRR 216.1 [a]).
The matter at hand is a wrongful death action for product liability sounding essentially in strict liability, negligence and breach of warranty. Specifically, it is alleged that defendant Graco designed and manufactured (and defendant Babies “R” Us, Inc. distributed) an unreasonably dangerous baby stroller which caused the strangulation death of the plaintiffs’ child. In an effort to spare their respective clients the expense, time and distress of litigation, plaintiffs and defense counsel negotiated a settlement of the claims. “This settlement agreement contains a material provision that requires the parties to keep the terms of the settlement confidential, with only limited exceptions” (affirmation of David Drescher, Esq., Sept. 25, 2015 at 4, ¶ 6). In furtherance of this understanding, plaintiffs have made an unopposed motion to seal the order for death compromise that is to be filed with the court. Plaintiffs’ counsel argues that “[t]he Court should grant Plaintiffs’ petition because not doing so would run counter to the well-recognized, strong public policy interests in allowing litigants to reach confidential settlements” (affirmation of David Drescher, Esq., Sept. 25, 2015 at 4, ¶ 7).
In support of their application, plaintiffs cite to the holdings in Matter of Crain Communications v Hughes (135 AD2d 351 [1st Dept 1987], affd 74 NY2d 626 [1989]); Matter of R.R. (153 Misc 2d 747 [Sur Ct, Rensselaer County 1992]); and Matter of East 51st St. Crane Collapse Litig. (31 Misc 3d 406 [Sup Ct, NY County 2011]). The applicability of these cases shall be discussed ad seriatim.
Initially, the court must note that contrary to plaintiffs’ counsel’s eloquent declaration that public policy favors confidential settlements, there is actually a well settled body of law that holds the public interest is better served by promoting open access to the court, its proceedings and records (Mosallem *647 v Berenson, 76 AD3d 345 [1st Dept 2010], citing Mancheski v Gabelli Group Capital Partners, 39 AD3d 499 [2007], Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V., 28 AD3d 322 [2006], and Danco Labs. v Chemical Works of Gedeon Richter, 274 AD2d 1 [2000]).
This embrace of “open courts” is born of America’s historical antipathy to any judicial proceeding that brings remembrance of that opprobrious body from the past, repudiated by revolutions and constitutions, of whom the mere mention of its name fills the court with dread—the secret tribunal that consigned its victims to grim fates without the pretense of legal protection, the feared and hated Star Chamber (Matter of Gannett Co. v Be Pasquale, 43 NY2d 370, 376 [1977], affd 443 US 368 [1979]). Its existence will always be a stain on the annals of a justice system, that, for the most part, has been the light of the world.
There is an acknowledged right of privacy found in the arena of commerce. It properly cloaks the negotiation of disputes and ultimate agreements. When issues and parties are haled into court for the purpose of obtaining the nihil obstat of the judicial forum, however, privacy often yields to public scrutiny. This rule, however, is not absolute and the cases cited by plaintiffs’ counsel provide certain exceptions.
Matter of Crain Communications v Hughes held that public access to court records could be curtailed in matters involving “a source of business information which might harm a litigant’s competitive standing” (135 AD2d at 351). The court would also act to protect “confidential trade information” (id. at 352).
Matter of R.R. (153 Misc 2d 747 [Sur Ct, Rensselaer County 1992]) granted an application to seal medical records that “contain anecdotal items which have not been established as fact and which are potentially embarrassing to the memory of the decedent and his family” (id. at 749). In addition to the sealing having the function of protecting the “plaintiffs from becoming targets of unwanted solicitations and swindles,” the court found that “[disclosure of the items would serve no useful public purpose” (id.).
Matter of East 51st St. Crane Collapse Litig. recognized that in a complex consolidated litigation involving “nearly 20 parties” disclosure of the details of a settlement between plaintiffs and one of the defendants “would certainly have a chilling effect on the willingness of defendants to participate in settlement negotiations in the remaining consolidated actions” (31 Misc 3d at 415).
*648 The forgoing exceptions to the general rule promoting open courts and open records have a common thread. They are narrowly written and must be narrowly construed.
The legislature has also provided exceptions (e.g. Family Ct Act § 166; Domestic Relations Law §§ 114, 235; CPL 160.50; Public Health Law § 2785 [3]). A perusal of the claims in this matter demonstrate that the aforementioned statutes are inapplicable. Aside from case law, the sole authority to guide the court is found in 22 NYCRR 216.1 (a) which states:
“Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties.”
This regulation merely codifies the previously discussed case law favoring disclosure (see also Matter of Schwartz, 20 Misc 3d 860 [Sur Ct, Kings County 2008], citing Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 501 [2d Dept 2007], and Republic of Philippines v Westinghouse Elec. Corp., 949 F2d 653, 660 [3d Cir 1991]). 22 NYCRR 216.1 (a) recognizes that the court possesses the discretion to “balance the competing interests of the parties, the public, and the justice systems. When the balance favors confidentiality, confidentiality should be provided” (Matter of Twentieth Century Fox Film Corp., 190 AD2d 483, 486 [1st Dept 1993], quoting Miller, The Private Costs of Public Justice, 63 NY St BJ 12, 13 [July/Aug. 1991]).
The term “public interest” is not monolithic and must be parsed by the court in deciding the propriety of the sealing application. For instance, satisfying the public’s curiosity is insufficient to overcome a valid articulated reason to seal the court’s records (Matter of R.R. at 749).
In the matter sub judice, the answer to this question is found in the nature of the case itself, namely product liability. It is beyond cavil that “it is to the public interest to discourage the marketing of products having defects that are a menace to the public” (Escola v Coca Cola Bottling Co. of Fresno, 24 Cal 2d 453, 462, 150 P2d 436, 441 [1944, Traynor, J.]). Cases involving product liability are viewed in an entirely different lense than instances involving other controversies. The court in Matter of R.R., cited by the movant, justified its sealing order with *649 the comment, “This is not a case concerning a defective product . . . that would involve matters of health or safety” (153 Misc 2d at 749). The remaining authority cited by plaintiffs are similarly distinguishable.
Indeed, the promulgation of section 216.1 (a) was in response to concerns that “had been widely expressed about the practice of sealing records of settlements in product liability and other tort actions where the information might alert other consumers to potential defects” (Matter of Twentieth Century Fox Film Corp. at 486, citing Michael Hoenig, Products Liability, New York’s Rule on Sealing of Court Records, NYLJ, Mar. 1, 1991 at 3, col 1, George F. Carpinello, Public Access to Court Records in Civil Proceedings: The New York Approach, 54 Alb L Rev 93, 98-100 [1989], and Russ Herman, No more Dirty Little Secrets in the Courts, Wash Post, Sept. 15, 1989 at A31, col 6).
Applying the foregoing principles to the instant case the court finds that there is a strong public interest in a lawsuit involving the death of a child allegedly caused by a defective baby stroller. The parties’ interest in keeping the details of their settlement confidential do not constitute good cause to the extent that it outweighs this public interest. Therefore, under the circumstances presented, the motion must be denied.