Matter of M.B. v Suicide Prevention & Crisis Servs., Inc. (2022 NY Slip Op 03624)

Matter of M.B. v Suicide Prevention & Crisis Servs., Inc.

2022 NY Slip Op 03624

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

343 CA 21-00625

[*1]IN THE MATTER OF THE APPLICATION OF M.B., PETITIONER-RESPONDENT,
v
SUICIDE PREVENTION AND CRISIS SERVICES, INC., ET AL., RESPONDENTS, AND NEW YORK STATE OFFICE OF MENTAL HEALTH, RESPONDENT-APPELLANT. 

 

 

 Appeal from a supplemental order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered January 7, 2021. The supplemental order, insofar as appealed from, granted the petition to seal records from respondent New York State Office of Mental Health, with certain limitations. 
It is hereby ORDERED that the supplemental order insofar as appealed from is unanimously reversed on the law without costs and the petition against respondent New York State Office of Mental Health is dismissed in its entirety.
Memorandum: Petitioner, who has been committed to psychiatric facilities on multiple occasions for paranoid schizophrenia and bipolar disorder with psychotic features, commenced this proceeding to seal his psychiatric records under Mental Hygiene Law § 33.14 (a) (1) (b). To prevail in such a proceeding, the petitioner is obligated, among other things, to prove "by competent medical evidence that he [or she] is not currently suffering from a mental illness" and that "the interests of . . . society would best be served by sealing [his or her] records" (id. ). Supreme Court granted the petition in relevant part and directed respondent-appellant (State) to, inter alia, seal petitioner's psychiatric records. The State appeals, and we now reverse.
As the State correctly contends, petitioner failed to establish either the mental illness prong or the societal interests prong of Mental Hygiene Law § 33.14 (a) (1) (b). The psychiatrist's affirmation upon which petitioner relies to establish the mental illness prong is entitled to no weight because the psychiatrist failed to review petitioner's psychiatric records and offered a conclusion that was entirely at odds with petitioner's longstanding and
well-documented history of severe, incapacitating mental illness. Indeed, the psychiatrist simply accepted at face value petitioner's self-serving and counterfactual claim that he never actually suffered from any mental illness and that all of his diagnoses and hospitalizations were his mother's fault. Moreover, petitioner is seeking to seal his psychiatric records in order to join the military or become a police officer—callings that offer advanced weapons training and the privilege of using lethal force in defense of civil society. The interests of society are not "best" served by removing a barrier to petitioner's ability to join the military or police (id. ). Indeed, it would be inimical to society's best interests to facilitate the induction of petitioner into the security services of the United States (see e.g. People v Westchester County S.P.C.C. , 173 AD2d 687, 688 [2d Dept 1991], lv dismissed 78 NY2d 1041 [1991], lv dismissed 79 NY2d 819 [1991], rearg denied 79 NY2d 914 [1992]).
We have considered and rejected petitioner's jurisdictional challenges to our power to entertain this appeal.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court