Mavel, a.s. v Rye Dev., LLC (2023 NY Slip Op 50758(U))

[*1]

Mavel, a.s. v Rye Dev., LLC

2023 NY Slip Op 50758(U)

Decided on July 21, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 21, 2023
Supreme Court, New York County

Mavel, a.s., Mavel Americas, Inc., Plaintiff,

against
Rye Development, LLC, Defendant.

Index No. 654191/2022

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 006) 90, 91, 103 were read on this motion to SEAL.
Defendant Rye Development, LLC (Rye) moves, pursuant to 22 NYCRR 216.1, for an order to seal NYSCEF Doc Nos. 77 and 78 in this action.
Plaintiffs Mavel, a.s. and Mavel Americas, Inc. (collectively, Mavel) bring this action alleging that, in 2020 and/or 2021, Rye improperly disclosed Mavel's confidential information to Andritz, Inc. (Andritz), one of Mavel's competitors in the engineering, manufacture and sale of turbines and related parts for use in hydroelectric projects (complaint [NYSCEF Doc No. 1], ¶¶ 1-2, 55-56).
Rye denies that it provided Mavel's confidential information to Andritz, and further denies that Mavel's information is confidential in the first place. As set forth more fully in opposition to Mavel's motion for preliminary injunction (NYSCEF Doc Nos. 71-79), Mavel alleges that it provided the information to Rye at a time when there was no confidentiality agreement in place with Rye, Mavel failed to label much of the material provided with even a boilerplate confidentiality label, and Mavel appears to claim confidentiality over public-record and other clearly non-confidential information.
Nevertheless, Mavel claims that most of the information sought to be sealed here is Mavel's confidential information. In support of the motion, Rye contends that it has no interest in putting into the public record Mavel's information over which Mavel claims confidentiality. Thus, although Rye disputes that Mavel's information in question is confidential, and reserves all rights to cite such material in all appropriate submissions and arguments in response to Mavel's allegations, it nevertheless requests that this court seal information that Mavel alleges to be confidential, specifically, portions of paragraphs 37 and 38 of the declaration of Ushakar Jha and Exhibits F, G, H, and I thereto (NYSCEF Doc No. 75, redacted and without the referenced exhibits, and NYSCEF Doc No. 78, unredacted and with the referenced exhibits, sought to be [*2]sealed) and portions of Exhibit I of the declaration of Paul Jacob (NYSCEF Doc No. 74, redacted and NYSCEF Doc No. 77, unredacted, sought to be sealed).
Of note, Mavel has not submitted any papers opposing Rye's motion.
With respect to the sealing of court records, the Uniform Rules for the New York State Trial Courts provides, in relevant part, as follows:
"Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard"
(see 22 NYCRR 216.1 [a]).
New York law presumptively favors broad access by the public and the press to judicial proceedings and court records, placing the burden on the party favoring sealing to show a compelling interest that likely would be harmed by granting public access (see Mosallem v Berenson, 76 AD3d 345, 348—349 [1st Dept 2010]; Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 501—502 [2d Dept 2007]). However, "the right of access is not absolute" (Danco Labs. v Chemical Works of Gedeon Richter, 274 AD2d 1, 6 [1st Dept 2000]), and a court determining whether there is good cause for sealing court records (see 22 NYCRR 216.1 [a]) must weigh the competing interests of the public and the parties, authorizing the sealing only in the prudent exercise of the court's discretion (see Mancheski, 39 AD3d at 502).
Good cause exists where the documents sought to be sealed will disclose confidential or proprietary information, the public disclosure of which would cause harm, and where there is no overriding public interest in disclosure of the documents (see e.g. Mancheski, 39 AD3d at 502 [there is "a compelling interest in sealing the documents containing (the respondent's) proprietary financial information because disclosure could harm the private corporation's competitive standing"]; Matter of Crain Communications, Inc. v Hughes, 135 AD2d 351, 351-52 [1st Dept 1987], affd 74 NY2d 626 [1989] [holding that "the . . . right to inspect and copy judicial records is not absolute . . . where such records are a source of business information which might harm a litigant's competitive standing," and that in such case the court may order exclusion of access]; Jetblue Airways Corp. v Stephenson, 31 Misc 3d, 1241[A], 2010 NY Slip Op 52450[U], *7 [Sup Ct, NY County 2010] ["(p)etitioners have established good cause to have the records in this proceeding sealed (as) (t)he exhibits to this motion contain sensitive proprietary and business information (and) (t)he parties have an interest in protecting these documents"], affd 88 AD3d 567 [1st Dept 2011]; Banna v Merrill Lynch, 2007 WL 4352724, 2007 NY Misc LEXIS 9513, * 2 [Sup Ct, NY County 2007] ["A finding of good cause to seal the record will be found where there is a risk of exposure of a parties' proprietary information which is included in court documents"]; D'Amour v Ohrenstein & Brown, LLP, 17 Misc 3d 1130[A], 2007 NY Slip Op 52207[U], * 20 [Sup Ct, NY County 2007] ["Sealing a court file may be appropriate to preserve the confidentiality of material which involve the internal finances of a party and are of minimal public interest"]).
This court finds that there is good cause to seal the documents in question. Paragraph 67 of the declaration of Paul Jacob (NYSCEF Doc Nos. 74 (redacted) and 77 (sought to be sealed) reveals information that would allow the calculation of confidential pricing information that justifies sealing as confidential business information because it would provide advantages to [*3]competitors. Similarly, Exhibits G and H of the declaration of Ushakar Jha reveal the identity of a private energy company whose affiliation with Rye's projects must be kept confidential at this time (see NYSCEF Doc Nos. 75 (redacted) and 78 (sought to be sealed). These matters concern confidential business information that involve current business plans and would provide advantages to competitors. Indeed, these materials were accepted for filing under seal in the Massachusetts Federal Action and in the Southern District of New York following removal of this action.
This court finds that, under these circumstances, no public interest would be served by disclosing the confidential information contained in the agreements. Good cause therefore exists to permit defendant to file the requested documents under seal (see Abe v New York Univ., 169 AD3d 445, 448—49 [1st Dept 2019] [upholding sealing order, and finding that the lower "court made a finding of good cause before ordering [the documents] sealed"]; Carver Fed. Sav. Bank v Shaker Gardens, Inc., 167 AD3d 1337, 1344 [3d Dept 2018] ["we find no basis upon which to disturb Supreme Court's decision to seal the two letters proffered by defendant's counsel as well as the transcript of the in camera conference"]).
Accordingly, it is hereby
ORDERED that defendant's motion for an order permitting it to file under seal NYSCEF Doc Nos. 77 and 78 in this action is granted.
Dated: July 21, 2023
Robert R. Reed, J.S.C.