| |
|:---:|
| **2497 Realty Corp. v Fuertes** |
| 2024 NY Slip Op 32943(U) |
| August 21, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151947/2014 |
| Judge: Nancy M. Bannon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. NANCY M. BANNON                    PART        61M

*Justice*

-------------------------------------------------------------------------X

2497 REALTY CORP.,                                      INDEX NO.        151947/2014

                           Plaintiff,                   MOTION DATE      06/25/2024

                                                        MOTION SEQ. NO.      008
                  - v -

RODOLFO FUERTES, JONATHAN ABAD, 2497 PARTNER
LLC,145TH STREET PROPERTY INVESTOR LLC,                  **DECISION + ORDER ON
                                                            MOTION**
                           Defendants.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 008) 284, 285, 286, 287, 288, 289, 290, 295

were read on this motion to/for                                    SEAL                              .


In this breach of contract action arises out of a series of agreements relating to real property located at 2497 Adam Clayton Powell Jr. Boulevard in Manhattan (the "Property") that was contaminated by an oil spill originating from non-party ExxonMobil's adjacent gas station, the defendants move by order to show cause pursuant to 22 NYCRR 216.1(a) to seal exhibits H, I, J, and K (NYSCEF Doc. Nos. 257-60, 286-89) to the affirmation of their attorney, Steven M. Kaplan, in support of their separate motion, MOT SEQ 007, to strike the plaintiff's expert reports and preclude the plaintiff's experts from testifying. By order dated May 20, 2024, the court granted the defendants' request for a TRO to keep the subject documents temporarily under seal pending a decision on the instant motion. The motion is denied.

22 NYCRR 216.1(a) provides that "a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties." "[P]ublic access to court proceedings is strongly favored, both as a matter of constitutional law (Richmond Newspapers v Virginia, 448 U.S. 555 [1980]) and as a statutory imperative (Judiciary Law § 4)." Anonymous v Anonymous, 158 AD2d 296, 297 (1st Dept. 1990); see also Herald Co. v Weisenberg, 59 NY2d 378 (1983) (closure of courtroom). Moreover, "the public interest in

**151947/2014  2497 REALTY CORP. vs. FUERTES, RODOLFO**                    **Page 1 of 4**
**Motion No.  008**

[* 1]

openness is particularly important on matters of public concern, even if the issues arise in the context of a private dispute." <u>Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.</u>, 274 AD2d 1, 7 (1st Dept. 2000). Accordingly, the Appellate Division, First Department, has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records." <u>Mosallem v Berenson</u>, 76 AD3d 345, 348 (1st Dept. 2010). Because "confidentiality is clearly the exception, not the rule" (<u>Matter of Hofmann</u>, 284 AD2d 92, 93–94 [1st Dept. 2001]), that Court has authorized sealing "only in strictly limited circumstances" (<u>Gryphon Dom. VI, LLC v APP Intl. Fin. Co.</u>, 28 AD3d 322, 325 [1st Dept. 2006]; <u>see</u> <u>Mosallem v Berenson</u>, <u>supra</u>).

As stated, in any application to seal court records, the burden is on the party seeking sealing to establish "good cause." 22 NYCRR 216.1(a). "Since there is no absolute definition, a finding of good cause, in essence, 'boils down to … the prudent exercise of the court's discretion.'" <u>Applehead Pictures, LLC v Perelman</u>, 80 AD3d 181, 192 (1st Dept. 2010), <u>quoting</u> <u>Mancheski v Gabelli Group Capital Partners</u>, 39 AD3d 499, 502 (2nd Dept. 2007) (some internal quotation marks and citation omitted). In the business context, good cause may be established "where trade secrets are involved (<u>Matter of Crain Communications, Inc.</u>, 135 AD2d 351, 352 [1st Dept. 1987]), or where the release of documents could threaten a business's competitive advantage." <u>Mosallem v Berenson</u>, <u>supra</u> at 350, <u>citing</u> <u>Matter of Twentieth Century Fox Film Corp.</u>, 190 AD2d 483, 488 (1st Dept. 1993); <u>see</u> <u>Vergara v Mission Capital Advisors, LLC</u>, 187 AD3d 495 (1st Dept. 2020); <u>Matter of Bernstein v On-Line Software Inter. Inc.</u>, 232 AD2d 336 (1st Dept. 1996) <i>lv denied</i> 89 NY2d 810 (1997). However, these circumstances are the exception, not the rule.

"Conclusory claims of the need for confidentiality … [are] not … sufficient bas[es] for a sealing order" (<u>Matter of Hofmann</u>, <u>supra</u> at 93-94), and "the court will not approve wholesale sealing of [court] papers, even when both sides to the litigation request sealing" (<u>Applehead Pictures, LLC v Perelman</u>, <u>supra</u> [citations omitted]; <u>see</u> <u>Gryphon Dom. VI, LLC v APP Intl. Fin. Co.</u>, <u>supra</u>; <u>Liapakis v Sullivan</u>, 290 AD2d 393 (1st Dept. 2002); <u>Matter of Hofmann</u>, <u>supra</u>). That is, a party's own "designation of the materials as confidential or highly confidential is not controlling on the court's determination whether there is good cause to seal the record pursuant to 22 NYCRR 216.1." <u>Eusini v Pioneer Electronics (USA), Inc.</u>, 29 AD3d 623, 625 (2nd Dept. 2006); <u>see</u> <u>Mosallem v Berenson</u>, <u>supra</u>. Even where there is a proper basis for sealing, redaction is favored over sealing of an entire document or record. <u>See</u> <u>Vergara v Mission</u>

**151947/2014  2497 REALTY CORP. vs. FUERTES, RODOLFO**      **Page 2 of 4**
**Motion No.  008**

2 of 4

[* 2]

Capital Advisors, LLC, supra; Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd., supra.

The defendants seek to seal four exhibits submitted in support of their motion to strike the plaintiff's expert reports and preclude the plaintiff's experts from testifying. These exhibits consist of the defendants' expert report, the plaintiff's two expert reports, and the deposition transcript of one of the plaintiff's experts. The defendants contend that sealing is warranted because these exhibits contain "sensitive financial and confidential environmental information about the Property . . . that could have a negative impact on the value of the Property" if disclosed, and because the exhibits were designated as confidential pursuant to the parties' so-ordered Stipulation and Order for the Production and Exchange of Confidential Information in this action (see NYSCEF Doc. No. 152).

To be sure, courts have found a compelling interest in the non-disclosure of trade secrets (see Gryphon Dom. VI, LLC v APP Intl. Fin. Co., supra; Crain Comm., Inc. v Hughes, 135 AD2d 351 [1st Dept. 1987]), and in sealing information that is "proprietary" because it relates to "the nature of current or future business strategies," such that disclosure "could harm [a] private corporation's competitive standing" (Mancheski v Gabelli Group Capital Partners, supra at 502-03). Here, however, the defendants fail to meet their burden of demonstrating "good cause" to seal the subject documents. The defendants do not submit an affidavit or affirmation from anyone with personal knowledge of the purportedly sensitive and confidential matters discussed in the subject documents they seek to seal. Instead, the motion is supported solely by an attorney affirmation that offers mere conclusory assertions, without any meaningful explanation, that the information contained in the subject documents is "sensitive" and "confidential." However, such "[c]onclusory claims of the need for confidentiality … [are] not … sufficient bas[es] for a sealing order." Matter of Hofmann, supra at 93-94.

In any event, the defendants provide and research reveals no decisional authority where a concern over the effect of an oil spill on the value of real property warrants sealing of any records. Indeed, logic dictates that any concern over the effect of an oil spill, be it health and safety or financial, would clearly weigh against sealing as a matter of public policy. See also Matter of Arb. Between Cyprium Therapeutics, Inc. & Curia Glob., Inc., 223 AD3d 1042 (3rd Dept. 2024) [compelling public interest in open access to proceeding pertaining to the manufacture and commercialization of a lifesaving drug]; In Re East 51st Street Crane Collapse

**151947/2014 2497 REALTY CORP. vs. FUERTES, RODOLFO** **Page 3 of 4**
**Motion No. 008**

[* 3]                                    3 of 4

<u>Litigation</u>, 106 AD3d 473 (1st Dept. 2013) [sealing of settlement denied in wrongful death action arising from a tower crane collapse].

Finally, the fact that the subject documents were designated confidential pursuant to the so-ordered stipulation previously entered in this action pertaining to the production of purportedly confidential documents in discovery "is not controlling on the court's determination whether there is good cause to seal the record pursuant to 22 NYCRR 216.1." <u>Eusini v Pioneer Electronics (USA), Inc.</u>, <u>supra</u>; <u>see</u> <u>Mosallem v Berenson</u>, <u>supra</u>. Indeed, the parties recognize this in the so-ordered stipulation on which the defendants rely, which expressly provides that documents previously designated as confidential by one of the parties, if filed with the court, must be filed in redacted form "until the Court renders a decision on any motion to seal[,]" and that, if no sealing motion is made or the motion to seal is denied, the party making the filing "shall take steps to replace the Redacted Filing with its corresponding unredacted version." <u>See</u> NYSCEF Doc. No. 152 ¶¶ 12(a) & (c).

Accordingly, it is

ORDERED that the defendants' motion to seal documents is denied.

This constitutes the Decision and Order of the court.

_____
8/21/2024
DATE

_____
NANCY M. BANNON, J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151947/2014  2497 REALTY CORP. vs. FUERTES, RODOLFO**
**Motion No.  008**

Page 4 of 4