■ In the Matter of a GRAND JURY INVESTIGATION OF ONONDAGA COUNTY. — Order unanimously reversed, without costs, and motion granted. Memorandum: The motion of appellant, Crouse-Irving Memorial Hospital, to quash the Grand Jury subpoena requiring it to produce records of all patients treated for knife wounds during a three-day period should have been granted. The materials sought are protected from disclosure by the physician-patient privilege as "information" which a physician "acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity." (CPLR 4504, subd [a].) The right and duty of a physician to assert the privilege on behalf of a patient extends to a hospital as well (*Matter of Investigation of Criminal Abortions in County of Kings [Magelaner],* 286 App Div 270, mot for lv to app den 309 NY 1031; *Boddy v Parker,* 45 AD2d 1000). The patient is entitled to the protection of the privilege even though he may be suspected or accused of criminal activity (*People v Eckert,* 2 NY2d 126; *People v Murphy,* 101 NY 126.) We are not concerned here with a situation where an accused is seeking for his own benefit to invoke the physician-patient privilege of his victim (see *Matter of Grand Jury Proceedings [Doe],* 56 NY2d 348; *People v Lay,* 254 App Div 372, affd 279 NY 737). Here, the hospital is not the subject of any investigation and it may properly assert the privilege for the benefit of its patient. The Legislature has enacted exceptions to the privilege by requiring the reporting of incidents of child abuse (CPLR 4504, subd [b]) and bullet wounds and other wounds likely to result in death (Penal Law, § 265.25).

Significantly, it has not required reporting of stab wounds not likely to result in death. After the motion to quash the subpoena was decided, the District Attorney informed the hospital that he was seeking only the names and addresses of persons treated for stab wounds during the three-day period. Thus, he argues that the information sought is not privileged since the only information he seeks is the fact of treatment. The fallacy of this argument is that the information requested not only concerns the fact of treatment but also the nature of the treatment — treatment for stab wounds. (Appeal from order of Onondaga County Court, Murray, J. — quash Grand Jury subpoena.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.