OPINION OF THE COURT
William C. Barrett, J.
The People moved, pursuant to CPL 250.10 (subd 3) for:
(a) “an order directing Defendant to submit to an examination by a psychiatrist and/or licensed psychologist as defined in Article 153 of the Education Law”;
(b) “an order directing Defendant to release all medical records to [sic] Tompkins Community Hospital and Upstate Medical Hospital and those prepared by any doctor treating the Defendant.”
The court granted the motion for a psychiatric examination but denied that part of the request seeking medical records on the ground that such information is privileged according to CPLR 4504 (subd [a]) and CPL 60.10. The court found that the People’s moving papers failed to allege any facts that would justify an exception to this privilege. (See, e.g., Matter of Grand Jury Investigation, 59 NY2d 130, affg 90 AD2d 990.)
The People now move to reargue the matter citing People v Al-Kanani (33 NY2d 260) and People v Edney (39 NY2d *371 620), which hold that the physician-patient privilege is waived when a defendant interposes the defense of insanity.
These cases do not hold that the People are entitled to all or any of defendant’s past medical records. The court in AlKanani (supra, at p 264) did talk of a “complete waiver” of the physician-patient privilege, but only after the insanity defense had been asserted upon trial and only to the extent of permitting the prosecution “to call psychiatric experts to testify regarding his sanity even though they may have treated the defendant”.
The present case has not yet reached trial. All that the defendant has done is to provide the People and the court with written notice of his intention to present psychiatric evidence, pursuant to CPL 250.10 (subd 2). Although this authorizes the People to obtain an order directing that the defendant submit to an examination by a psychiatrist or licensed psychologist, the defendant’s privilege against self incrimination would still obtain during any such pretrial psychiatric examination. Filing notice of intent to use psychiatric evidence does not place upon the defendant any burden to come forward with such evidence. Nor does it shift to the People any burden of disproving the defense of insanity. The People do not assume this burden under section 25.00 of the Penal Law unless and until the defense is raised at trial by the defense by coming forward with evidence sufficient to overcome the presumption of sanity. Until that time the People are entitled to rely upon the presumption of sanity. Thus, the “complete waiver” talked about in the Al-Kanani case (supra) cannot occur until the defense has met its burden at trial to come forward with evidence sufficient to rebut the presumption of sanity. (People v Jandelli, 116 Misc 2d 384.) Simply put, the waiver talked about in Al-Kanani and Edney (supra) has not yet occurred because the defense of insanity has not yet been asserted. The presumption of sanity .remains as evidence until the end of the People’s case and any evidence obtained by the People obtained by virtue of their CPL 250.10 (subd 3) order would be introduced as rebuttal proof. (People v Silver, 33 NY2d 475.)
The motion to reargue is denied.