■ WILLIAM CAPLOW et al., Respondents, v OTIS ELEVATOR Co. et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Carol Arber, J.), entered August 22, 1990, which partially denied defendant Otis Elevator Co.'s motion for an order pursuant to CPLR 3124 compelling plaintiff to furnish medical authorizations, unanimously modified, on the law and the facts, with respect to the 14 demands listed on page 25 of the Record, to grant "1", to the extent

that plaintiff shall supply authorizations for any chiropractors or orthopedists seen by him for back pain within 10 years prior to the June 1987 accident, and "5", to the extent that plaintiff shall supply an authorization for Dr. Beer for the 5-year period prior to the June 1987 accident, and for any subsequent period coinciding with his claim for lost wages, and "8-14", and is otherwise affirmed, without costs.

The disclosure so far had shows that plaintiff suffered from back problems commencing some 10 years prior to the June 1987 accident. Medical records relating to this long-standing condition might show that the pain he experienced after the accident was attributable to this pre-existing condition and not to the accident. Accordingly, demand "1" should have been granted, although the request for the records of "any" chiropractors and orthopedists seen by plaintiff over this 10-year period should be limited to those who treated him for his back.

Plaintiff's bill of particulars does not allege any injury to his legs and feet. Any confusion on this score is rectified by plaintiff's representations on appeal. Nevertheless, while plaintiff has not placed the condition of his lower extremities in controversy, it does appear that he was treated for gout and cellulitis at various times subsequent to the June 1987 accident, and thus medical records pertaining to these conditions, as they affected plaintiff subsequent to June 1987, might be useful in determining to what extent his claim for lost wages is attributable thereto, and not to the lower back injury he attributes to the June 1987 accident *(see, Wachtman v Trocaire Coll.,* 143 AD2d 527, 528). Accordingly, demand "5" should have been granted to the extent it seeks records pertaining to plaintiff's gout condition subsequent to the June 1987 accident.

While plaintiff asserts that he makes no claim in this lawsuit for the injury sustained to his upper back in the May 1988 accident, but only for the injury sustained to his lower back in the June 1987 accident, his bill of particulars does seek lost wages for a period of time subsequent to May 1988. Accordingly, medical records pertaining to the upper back injury might be useful in determining to what extent plaintiff's post-May 1988 disability was attributable to the May 1988 accident, and not to the June 1987 accident *(supra).* Concur—Carro, J. P., Milonas, Ellerin, Ross and Asch, JJ.