OPINION OF THE COURT
Robert G. Seewald, J.
The defendant’s mere filing of a CPL 250.10 (2) notice does not constitute a waiver of the defendant’s physician-patient privilege (see, CPLR 4504), the trial court held in People v Gorman (123 Misc 2d 370 [1984]). As a result the People and their psychiatric expert were precluded from obtaining and reviewing the defendant’s relevant medical records in preparation for examination of the defendant.
The issue here is whether Gorman (supra) is still viable, as asserted by the defendant, in view of the opinion rendered by the Court of Appeals 12 years later in People v Berk (88 NY2d 257, cert denied 519 US 859 [1996]).
This court concludes that Gorman (supra) is not viable. Consequently, the People’s psychiatric expert may now review the subject records, which had been subpoenaed by the prosecution and reviewed in camera by this court.
On January 29, 1999, defendant was arraigned on an indictment charging him with, inter alia, murder in the second degree (Penal Law § 125.25 [1]), referable to a homicide he had allegedly committed the preceding month, on December 14, 1998. About four months after entry of his plea of not guilty, the defendant (on May 3, 1999) served and filed a notice, pursuant to CPL 250.10 (2), stating that he “intends to present upon trial of this action, psychiatric evidence of mental disease or defect in connection with a defense under CPL 250.10”.[1]
CPL 250.10 (3) provides in relevant part that “[w]hen a defendant, pursuant to subdivision two of this section, serves notice of intent to present psychiatric evidence, the district attorney may apply to the court, upon notice to the defendant, for an order directing that the defendant submit to an examination by a psychiatrist”. In apparent anticipation of the court granting their application to have the defendant examined by their designated psychiatrist, the People previously served a court-ordered subpoena duces tecum on Bellevue Hospital, seeking the defendant’s in-patient psychiatric records, encom *542 passing the period of time commencing the day (Dec. 15th) after the subject homicide until his discharge from Bellevue about three weeks later (on Jan. 4th).[2]
In this regard, it is readily apparent that the People contend that in order for their psychiatrist to conduct a meaningful examination of the defendant, and thus render a valid opinion about his mental status at the time of the crime, their psychiatrist must be given the opportunity to timely review the defendant’s Bellevue psychiatric and Jacobi hospital records in advance of the proposed examination.
Preliminarily, the defendant does not challenge the People’s right to have him submit to a psychiatric examination by their expert. Nor could he, as the Court of Appeals “has recognized that the prosecutor’s right to examine [a] defendant independently where the defendant has raised the issue of mental competence is grounded in principles of fairness and is essential to preserving the integrity of the fact-finding process [citation omitted]. Furthermore, the provision for independent examination coupled with the 30-day notice provision enables the People to have defendant examined by their own experts within close temporal proximity to the offense and to any examination by the defense experts, thereby preventing disadvantage to the prosecution in accord with the legislative goal [in enacting CPL 250.10 (3)]. Pretrial examination by the prosecution further avoids delay during trial, an additional purpose of the current notice statute [citation omitted]” (People v Berk, 88 NY2d 257, 264-265, supra).
Rather, the defendant, citing Gorman (supra), maintains that the People’s request to have their psychiatrist review the relevant hospital records is, at the very least, premature, if not in contravention of his physician-patient privilege, as codified in CPLR 4504. More particularly, quoting from Gorman (supra, at 371), the defendant asserts that “[a] 11 that the defendant has done is to provide the People and the court with written notice of his intention to present psychiatric evidence, pursuant to CPL 250.10 (subd 2). Although this authorizes the People to obtain an order directing that the defendant submit to an examination by a psychiatrist or licensed psychologist, the defendant’s privilege against self incrimination would still obtain during any such pretrial psychiatric examination. Filing notice of intent to use psychiatric evidence does not place upon *543 the defendant any burden to come forward with such evidence * * * Simply put, the waiver talked about in Al-Kanani [33 NY2d 260] and Edney [39 NY2d 620] has not yet occurred because the defense of insanity has not yet been asserted”.
This court is not prepared to read CPL 250.10 (2) in such a restrictive manner, especially in view of the opinion rendered in 1996 by the Court of Appeals in Berk (supra). In that case, the defendant proffered the testimony of a forensic psychologist regarding the trauma syndrome known as “flight or fight”, as well as the relationship between memory loss and traumatic events. Although defendant had neglected to serve notice pursuant to CPL 250.10 informing the prosecution of his intended use of this evidence, he attempted to excuse his noncompliance with the applicable statute by pointing out that his proposed expert had never examined him. County Court rejected this argument. Finding “that the proffered testimony fell within CPL 250.10 and [moreover] that defendant had failed to show good cause for his failure to provide the People with the requisite notice” (People v Berk, 88 NY2d, supra, at 261), County Court thus precluded his use of this proposed expert testimony.
Agreeing with the Appellate Division that preclusion was indeed proper, the Court of Appeals, which also affirmed the judgment of conviction, further held that “while a primary function of CPL 250.10 is certainly to afford the People an opportunity to conduct their own examination of the defendant, the legislative history of CPL 250.10 overwhelmingly establishes that is not the statute’s exclusive purpose * * * [T]he notice requirement was designed to allow the People an opportunity to obtain any mental health evidence necessary to refute a defense of mental infirmity” (People v Berk, supra, at 265; see also, People v Almonor, 251 AD2d 339, affd 93 NY2d 571), as well as “to prevent a disadvantage to the prosecution due to the surprise introduction of evidence [of mental disease or defect] by the defendant (People v Berk, supra, at 263)” (People v Morgan, 178 Misc 2d 554, 558).
Thus, to prevent undue “surprise and prejudice” to the People here upon the trial of the instant indictment, the court holds that the prosecution is clearly entitled to have its psychiatrist review the defendant’s hospital records prior to his examination of the defendant. This decision, contrary to the opinion of County Court in Gorman (supra), is compelled by the defendant’s act of serving and filing the requisite CPL 250.10 (2) notice.
*544 Surely, the defendant cannot be prejudiced by this ruling. More particularly, in the event the defendant subsequently elects to forego presenting any evidence of an alleged mental disease or defect, as well as diminished mental capacity, during trial, then the People shall be precluded from using the material contained in the subject hospital records. Thus, the defendant’s physician-patient privilege (see, CPLR 4504; People v Al-Kanani, 33 NY2d 260, cert denied 417 US 916, supra) and his privilege against self-incrimination (see, People v Segal, 54 NY2d 58) clearly remain intact.
On the other hand, if the court were to follow Gorman (supra) and withhold production of the pertinent hospital records until after the defendant presents CPL 250.10 evidence at trial, the prejudice to the People is indeed manifest. Specifically, the expert opinion rendered by the prosecution’s psychiatrist, solely predicated upon the examination which is sought to be conducted at the present time, could be severely undermined on cross-examination by the defendant’s use of his Bellevue psychiatric and Jacobi hospital records. Unquestionably, the People’s expert should not be subject to this type of potentially devastating, ambush-like attack.
Nor should the People, in order to insulate their expert from a defense attack based on the material contained in the aforementioned hospital records, be constrained to defer their psychiatric examination of the defendant until the midst of the defense case during trial, at which time the defendant would presumably make the tactical decision to introduce CPL 250.10 evidence pursuant to its previously filed notice (dated Apr. 30, 1999). First of all, the trial would have to be interrupted and unduly delayed if the People’s expert — assuming his or her availability — were to conduct a psychiatric examination of the defendant at that late juncture of the proceedings.[3] But more importantly, unlike the status of a defendant’s competency to stand trial, which focuses upon the defendant’s state of mind when the case is being tried (see generally, People v Tortorici, 92 NY2d 757), the affirmative defense of mental disease or defect is, of course, restricted to the defendant’s state of mind *545 at the time of commission of the alleged crime (see, CPL 40.15; People v Markowitz, 133 AD2d 379, 380, Iv denied 70 NY2d 934). Thus, in order to render a more accurate and reliable opinion, the People’s expert should undoubtedly be able to examine the defendant closer to the date of the criminal incident, rather than 1 or 2 years later, when the case is being tried.[4] This is even more compelling if the defendant has undergone — or will shortly undergo — such an examination by his own psychiatric expert.
Accordingly, as a result of his having filed a CPL 250.10 (2) notice, defendant, who must submit to a psychiatric examination by the People’s expert at the present time (see also, Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 40.15, at 208), is, therefore, precluded from asserting the physician-patient privilege (see, CPLR 4504) to bar the release of his Jacobi hospital and Bellevue psychiatric records for review by the prosecution’s expert, the court respectfully declining to follow People v Gorman (123 Misc 2d 370, supra) in the absence of appellate authority dispositive of the precise issue presented for determination.

. While the statute specifies that “[s]uch notice must be served * * * not more than thirty days after entry of the plea of not guilty to the indictment” (CPL 250.10 [2]), the People have not rejected the defendant’s notice, served well beyond the expiration of the legislatively prescribed 30-day period.

. The People had also subpoenaed defendant’s Jacobi hospital record referable to treatment he received there the same day he allegedly stabbed the victim to death.

. While it is the defendant who has the burden of establishing the affirmative defense of mental disease or defect by a preponderance of the evidence (see, Penal Law § 25.00 [2]; People v Kohl, 72 NY2d 191), the sudden interposition of this collateral defense during trial would obviously place the People at an unfair disadvantage if they have insufficient opportunity to obtain the psychiatric and other evidence necessary to refute it (see, People v Berk, 88 NY2d, supra, at 264).

. As noted above, “the 30-day notice provision enables the People to have defendant examined by their experts within close temporal proximity to the offense and to any examination by the defense experts, thereby preventing disadvantage to the prosecution in accord with the legislative goal [in enacting CPL 250.10 (3)]” (People v Berk, 88 NY2d supra, at 265).