■ ANTHONY REGA, Appellant, v AVON PRODUCTS, INC., et al., Respondents, et al., Defendant. AVON PRODUCTS, INC., et al., Third-Party Plaintiffs-Respondents, v PITNEY BOWES, INC., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [854 NYS2d 688]—

CPLR 3101 (a) calls for "full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." Evidence is "material" if sought "in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 407 [1968] [quoting other authority]). Furthermore, waiver of a physician-patient privilege occurs when a party voluntarily and affirmatively inserts the issue of a physical or mental defect or condition into the litigation by way of testimony or written submission (*see Avila v 106 Corona Realty Corp.*, 300 AD2d 266 [2002]).

Here, the evidence sought by Avon and Pitney Bowes regarding plaintiff's prior and subsequent injuries was material for defense of the action. Plaintiff voluntarily placed his physical condition in issue by averring in his bill of particulars that it was aggravated or exacerbated by his injuries in this action, and that he was permanently, albeit partially, disabled as a result. In light of these averments, both Avon and Pitney Bowes are entitled to discovery to determine the extent, if any, to which the plaintiff's claimed injuries and damages are attributable to accidents other than the one at issue here (*see Caplow v Otis El. Co.*, 176 AD2d 199 [1991]; *see also Vanalst v City of New York*, 276 AD2d 789 [2000]; *cf. Noble v Ackerman*, 216 AD2d 140 [1995]). Since plaintiff's prior injuries may even have impacted on his ability to work after this most recent accident, Avon and Pitney Bowes should be entitled to discovery on that issue as well. Concur—Tom, J.P., Buckley, Sweeny and Moskowitz, JJ.