■ BARBARA J. FORD, Respondent, v RECTOR, CHURCH-WARDENS, VESTRYMEN OF TRINITY CHURCH IN THE CITY OF NEW YORK, et al., Appellants. [916 NYS2d 113]—

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered March 18, 2010, which, to the extent appealed from as limited by the briefs, denied defendants' motion to compel production of plaintiff's home and mobile telephone records for the period January 1, 2003 to the present, unanimously modified, on the facts, to direct plaintiff to serve a response to item 15 of defendants' second request for the production of documents insofar as it pertains to telephone calls made by plaintiff to persons known by the names of Charles Reed, also known as Charlie Reed, and Earline Reed during the period January 1, 2008 to January 31, 2009, and otherwise affirmed, without costs.

While defendants' discovery request for all plaintiff's home and cellular telephone records dating from six years before the sending of the anonymous faxes that purportedly led to her termination was overly broad and unnecessarily burdensome, the denial of the request in its entirety was inappropriate, given defendants' showing of the need for the discovery. Defendants allege that plaintiff was terminated not in retaliation for commencing a discrimination suit but because of her involvement in the sending of certain anonymous faxes and her dishonesty during the investigation into the sending of the faxes. Plaintiff asserts that she does not know the person who allegedly caused

the faxes to be sent. However, there is documentary evidence suggesting that he is her brother-in-law. Thus, we conclude that plaintiff's telephone records, as circumscribed above, for the year preceding the sending of the faxes are "material and necessary" to the defense of this action (CPLR 3101 [a]; *see Anonymous v High School for Envtl. Studies*, 32 AD3d 353, 358 [2006]).

Contrary to defendants' contention, production of the remainder of the information requested should not be compelled, despite plaintiff's untimely objection to the request (*Lea v New York City Tr. Auth.*, 57 AD3d 269 [2008]; *Haller v North Riverside Partners*, 189 AD2d 615, 616 [1993]). Concur— Sweeny, J.P., Moskowitz, DeGrasse, Freedman and Richter, JJ.