Order, Supreme Court, New York County (Alice Schlesinger, J.), entered August 15, 2012, which denied defendants Bruce Katz, M.D. and Bruce Katz, M.D., P.C.’s motion to compel plaintiff to furnish certain medical authorizations and to serve a further bill of particulars specifying her claims, unanimously modified, on the law, defendants’ motion granted to the extent that it sought to compel plaintiff to furnish authorizations for those portions of her dental records about her medical history, and otherwise affirmed, without costs.
In this medical malpractice action, plaintiff alleges that defendant dermatologist Bruce Katz, M.D. caused her to suffer an “aggravation of a pre-existing latent and asymptomatic degenerative condition.” Accordingly, defendants sought authorizations for those portions of plaintiffs dental records that discuss her medical history. Inasmuch as plaintiff has clearly voluntarily put her prior medical condition at issue (CPLR 4504 [a]; see Dillenbeck v Hess, 73 NY2d 278, 283-284 [1989]), such disclosure is material and necessary for the defense of this action so that defendants may ascertain her condition prior to being treated by Dr. Katz (CPLR 3101 [a]; see McGlone v PortAuth. of N.Y. & N.J., 90 AD3d 479, 480 [1st Dept 2011]; Rega v Avon Prods., Inc., 49 AD3d 329, 330 [1st Dept 2008]). Contrary to plaintiff’s contention, defendants’ demand is tailored, directed at relevant material, and is not tantamount to a fishing expedition (see Ford v Rector, Church-Wardens, Vestrymen of Trinity Church in the City of N.Y., 81 AD3d 502 [1st Dept 2011]).
It was not an improvident exercise of discretion for Supreme Court to deny those branches of defendants’ motion which sought to compel plaintiff to furnish a more specific supplemental bill of particulars and to strike plaintiff’s initial bill of *450 particulars. As we noted on this matter’s prior appeal, “[t]he purpose of a bill of particulars is to amplify the pleadings . . . and prevent surprise at trial” (Colwin v Katz, 90 AD3d 516, 516 [1st Dept 2011]), which plaintiffs supplemental bill of particulars adequately does (see Torres v New York City Tr. Auth., 78 AD3d 419, 420 [1st Dept 2010]; Spiegel v Gingrich, 74 AD3d 425, 426 [1st Dept 2010]). The mere fact that it incorporates the initial bill of particulars, which contained boilerplate averments, is an insufficient ground for disturbing Supreme Court’s determination. Concur—Tom, J.P., Andrias, Freedman and Gische, JJ.