■ WALKER REYES, Respondent, v LEXINGTON 79TH CORP et al., Appellants. [51 NYS3d 500]—

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered June 10, 2015, which to the extent appealed from as limited by the brief, denied defendants' motion to compel discovery of plaintiff's medical, psychological, psychiatric, and academic records, and income tax returns, unanimously modi-

fied, on the law, to grant the motion to the extent of requiring plaintiff to provide authorizations for production of his medical, psychological, and psychiatric records, for the period beginning five years before the accident, and otherwise affirmed, without costs.

The material and necessary standard is to be interpreted liberally to require disclosure of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing prolixity (*see Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]).

Plaintiff alleged that he sustained numerous physical and psychological injuries, including depression, from the accident, and that they permanently impacted his ability to work. Defendants are entitled to disclosure of his entire medical history, including any psychological or psychiatric records, because his overall health directly bears on how many years he realistically could have continued to work had no accident occurred (*see Velez v Daar*, 41 AD3d 164, 166 [1st Dept 2007]).

However, defendant failed to demonstrate that plaintiff's school records and tax returns were relevant and material (*see Monica W. v Milevoi*, 252 AD2d 260, 262 [1st Dept 1999]; *Nanbar Realty Corp. v Pater Realty Co.*, 242 AD2d 208, 209-210 [1st Dept 1997]). Concur—Friedman, J.P., Richter, Mazzarelli, Feinman and Gische, JJ.