Donovan v New York City Hous. Auth. (2019 NY Slip Op 09394)





Donovan v New York City Hous. Auth.


2019 NY Slip Op 09394


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Friedman, J.P., Webber, Kern, Moulton, JJ.


10674N

[*1] Starr Donovan, 27098/16E Plaintiff-Respondent,
v
New York City Housing Authority, Defendant-Appellant.


Kelly D. MacNeal, New York (Nabiha Rahman and Byron S. Menegakis of counsel), for appellant.
Schwartz Perry & Heller, LLP, New York (Daniel H. Kovel of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered January 8, 2019, which, in this action alleging discrimination and retaliation in employment, denied the motion of defendant New York City Housing Authority (NYCHA) pursuant to CPLR 3124 to compel disclosure of plaintiff's medical records from March 2015 to the present, unanimously modified, on the law, to grant the motion to the extent of requiring plaintiff to provide an authorization for disclosure of Dr. John Poff's records from September 2015 onward, and otherwise affirmed, without costs.
Plaintiff provided NYCHA with an authorization for medical records from her primary care provider from June 2016 to the present. Although plaintiff only seeks damages for emotional distress, she affirmatively put her physical condition at issue by alleging that, starting with an incident in September 2015 in which her supervisor allegedly groped her, NYCHA created a hostile work environment that caused her physical distress, and ultimately resulted in a miscarriage (see Rega v Avon Prods., Inc., 49 AD3d 329 [1st Dept 2008]; see also Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452, 456-457 [1983]). As such, plaintiff's medical records for that period forward are material and necessary to NYCHA's defense (see Colwin v Katz, 102 AD3d 449 [1st Dept 2013]).
However, NYCHA has not demonstrated entitlement to wholesale disclosure of all of plaintiff's hospital and physician records starting six months before the conduct complained of commenced. NYCHA failed to establish that these records would be pertinent (see Kenneh v Jey Livery Serv., 131 AD3d 902 [1st Dept 2015]; Felix v Lawrence Hosp. Ctr., 100 AD3d 470 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK