Joseph v Edun (2023 NY Slip Op 00238)

Joseph v Edun

2023 NY Slip Op 00238

Decided on January 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 19, 2023

Before: Renwick, J.P., Webber, Moulton, González, Rodriguez, JJ. 

Index No. 21079/19 Appeal No. 17139 Case No. 2022-03276 

[*1]James Joseph, Plaintiff-Respondent,
v
Shabeer Edun, Defendant-Appellant. 

Carman Callahan & Ingham, LLP, Farmingdale (Anne P. O'Brian of counsel), for appellant.
Law Office of Dino J. Domina, Hauppauge (Melanie N. Ellner of counsel), for respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered June 7, 2022, which denied defendant's motion to preclude plaintiff from testifying or offering evidence on the issue of liability at trial for failure to comply with discovery demands, or to compel plaintiff to provide the requested discovery, unanimously modified, on the law, to compel authorizations for plaintiff's college records and medical history, and otherwise affirmed, without costs.
In this personal injury action, plaintiff alleges that he was injured when defendant's vehicle hit a truck while he was standing inside it loading cargo.
Supreme Court improvidently exercised its discretion when it denied defendant's motion seeking authorizations for plaintiff's college records and past medical records, including records from Jacobi Hospital related to a 2014 assault, plaintiff's records for treatment at Jamaica Hospital in 2015, and records from Lenox Hill Radiology for a 2015 x-ray (see Forman v Henkin, 30 NY3d 656, 662 [2018]; Reyes v Lexington 79th Corp, 149 AD3d 508, 509 [1st Dept 2017]). Plaintiff's supplemental bill of particulars included claims for post-traumatic stress disorder, anxiety, depression, irritability, difficulty sleeping, and substantial impairment to his ability to engage in normal daily activities. The bill of particulars also asserted that the accident exacerbated pre-existing asymptomatic conditions. However, records from Brunswick Hospital, where plaintiff was treated after the accident, revealed notes from a social worker who interviewed plaintiff's mother and father around one year after the accident underlying this complaint; both of them stated that plaintiff's behavior changed while he was away at college because of a trauma he suffered there. Thus, defendant is entitled to plaintiff's academic and medical records to determine to what extent the injuries complained of are attributable, if at all, to the trauma plaintiff suffered in college (see Reyes, 149 AD3d at 509; Fell v Presbyterian Hosp. in City of New York at Columbia-Presbyterian Med. Ctr., 98 AD2d 624, 625 [1st Dept 1983]).
Plaintiff also voluntarily placed his physical and psychological condition in issue by alleging in the bill of particulars that the accident aggravated or exacerbated underlying conditions that were asymptomatic before the accident (see Rega v Avon Prods., Inc., 49 AD3d 329, 330 [1st Dept 2008]). Defendants are therefore entitled to
determine the extent, if any, that plaintiff's claimed injuries are attributable to accidents other than the one underlying this action (McGlone v Port Auth. of N.Y. & N.J., 90 AD3d 479, 480 [1st Dept 2011]; see Rega, 49 AD3d at 330). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2023