| |
|---|
| **Louis v Hudson 36 LLC** |
| 2024 NY Slip Op 34236(U) |
| November 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155660/2020 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | HON. SABRINA KRAUS | PART 57M |
| | *Justice* | |

-------------------------------------------------------------------X

DARNELL LOUIS,

               Plaintiff,

    - v -

HUDSON 36 LLC,

               Defendant.

-------------------------------------------------------------------X

HUDSON 36 LLC

               Plaintiff,

    -against-

LALEZARIAN PROPERTIES LLC

               Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155660/2020 |
| MOTION DATE | 09/27/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595525/2021

The following e-filed documents, listed by NYSCEF document number (Motion 001) 37, 38, 53, 54, 55 were read on this motion to/for        STRIKE PLEADINGS     .

Plaintiff commenced this action seeking damages for personal injuries sustained when plaintiff tripped and fell on a wooden plank, causing serious injury to his left hand and left shoulder.

The summons and complaint were filed on July 23, 2020.

Defendant served and filed an answer on October 20, 2020, and the parties proceeded to engage in discovery.

The most recent status conference order, issued on May 15, 2024, stated plaintiff had failed to appear for an Independent Medical Examination (IME) three times and agreed to pay

155660/2020 LOUIS, DARNELL vs. HUDSON 36 LLC
Motion No. 001

Page 1 of 4

1 of 4

[* 1]

the fees associated with missing those appointments. Defendant was granted leave to move for appropriate relief.

On October 28, 2024, defendant moved to strike the complaint for failure to appear at the IME and to compel payment for the missed appointments.

On October 31, 2024, the court conferenced the pending motion with the parties. Plaintiff did submit payment for the costs associated with the missed appointments and defendant agreed to give plaintiff until December 31, 2024 to appear for an IME. However, the parties could not agree on the appropriate relief if plaintiff failed to appear again.

"The determination whether to strike a pleading for failure to comply with court-ordered disclosure lies within the sound discretion of the trial court" (*Fishbane v Chelsea Hall*, LLC, 65 AD3d 1079, 1081 [2d Dept 2009]).

"...[T]he drastic remedy of striking a pleading pursuant to CPLR 3126 should not be imposed unless the failure to comply with discovery demands or orders is clearly willful and contumacious. Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply or a failure to comply with court-ordered discovery over an extended period of time" (*Orgel v Stewart Tit. Ins. Co.*, 91 AD3d 922, 923 [2d Dept 2012] [internal quotation marks and citations omitted]).

It is well established that the willful failure to appear for an IME may warrant dismissal of the action (*see e.g.*, *Aziz v City of New York*, 130 AD3d 451 [1st Dept 2015]).

CPLR 3101 (a) provides in pertinent part "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof . . .." The words "material and necessary" have been "interpreted liberally to require

155660/2020 LOUIS, DARNELL vs. HUDSON 36 LLC Page 2 of 4
Motion No. 001

2 of 4

[* 2]

disclosure . . . of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity." *Allen v Crowell - Collier Publ. Co.*, 21 NY2d 403, 406 [1968]; *Reyes v Lexington 79th Corp.*, 149 AD3d 508, 508 [1st Dept 2017]).

As plaintiff alleges severe and permanent injuries and an IME of those injuries is obviously relevant to the defense of this action.

Defendant asserts that although they have missed the orthopedic IME, they have appeared for two other IME's. As the parties were prepared to stipulate to allowing defendant one final opportunity to appear for the IME, the court issues the following conditional order:

The defendant having established that plaintiff has willfully and contumaciously failed to appear for an orthopedic IME as directed in the preliminary conference order of this court dated July 18, 2022, and in the orders dated January 12, 2023; May 8, 2023; August 3, 2023; January 10, 2024; May 15, 2024;  and the plaintiff having failed to offer any justification for such conduct; it is hereby

ORDERED that defendant's motion is granted as follows:

ORDERED that the issue of seriousness or permanence of the injury as would be contemplated by the orthopedic IME  shall be deemed to be resolved in favor of defendant unless, the plaintiff appears for the orthopedic IME by January 17, 2025; and it is further

ORDERED that, within 20 days from entry of this order, defendant shall serve a copy of this order with notice of entry on plaintiff and the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically

155660/2020  LOUIS, DARNELL vs. HUDSON 36 LLC
Motion No. 001

Page 3 of 4

3 of 4

[* 3]

Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of the court.

| __11/26/2024__ | | | | |
|---|---|---|---|---|
| DATE | | | SABRINA KRAUS, J.S.C. | |

CHECK ONE:   ☐ CASE DISPOSED   ☒ NON-FINAL DISPOSITION

☐ GRANTED   ☐ DENIED   ☒ GRANTED IN PART   ☐ OTHER

APPLICATION:   ☐ SETTLE ORDER   ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:   ☐ INCLUDES TRANSFER/REASSIGN   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

155660/2020  LOUIS, DARNELL vs. HUDSON 36 LLC
Motion No.  001

Page 4 of 4