■ KATHY SCHECTER, Respondent, v 210 E. 90TH ST. OWNERS, INC., et al., Appellants, et al., Defendant. (And a Third-Party Action.) [706 NYS2d 99] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered February 9, 1999, which denied defendants' motion for vacatur of plaintiff's note of issue and upon reargument adhered to the court's prior determination, *inter alia*, denying defendants' request for discovery of plaintiff's medical and psychological records with respect to pre-existing conditions, unanimously reversed, on the law, and the facts, without costs, and the motion granted. Order, same court and Justice, entered April 28, 1999, which granted defendants' motion to compel plaintiff to submit to a forensic psychiatric examination only to the extent of permitting an examination lasting a maximum of two hours and limited to information about plaintiff's condition after the subject accident, unanimously modified, on the law, and the facts, to the extent of vacating the limitations upon the scope and length of the examination, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about June 28, 1999, which, insofar as appealable, sanctioned defense counsel $250, unanimously reversed, on the law, without costs, and the sanctions vacated.

Plaintiff commenced this action claiming permanent psychological injuries stemming from a 1996 accident in which she was scalded in a shower allegedly due to the negligence of defendants. Prior to the subject accident plaintiff had been treated for another accident in which she suffered a burn to her face after an epileptic seizure. The record also indicates that plaintiff had previously received treatment for psychological conditions, including depression and bulimia.

Under the circumstances presented, defendants are entitled

to full disclosure of plaintiff's psychological history so as to determine, *inter alia*, which, if any, part of plaintiff's claimed injuries is a result of the instant accident and which is the manifestation of prior psychological conditions. Further, as plaintiff has averred that her epileptic condition may have contributed to the subject accident, disclosure of her epileptic condition, as well as her prior accident, is material and necessary to a defense of this action (CPLR 3101; *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403). As to the examination to be conducted by defendants' examining psychiatrist, we note that the time requested, namely, nine hours, may not be warranted and it would appear that half that time should be sufficient.

Regarding Supreme Court's denial of defendants' motion to strike the note of issue, it is clear that at the time plaintiff filed the note of issue, all discovery was not yet complete. Hence, the note of issue should have been vacated (22 NYCRR 202.21 [e]).

Finally, in view of defendants' clear entitlement to further discovery, Supreme Court abused its discretion in assessing sanctions against defendants. Concur—Williams, J. P., Tom, Saxe, Buckley and Friedman, JJ.