■ JAIME CARCANA, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants, et al., Defendant. [849 NYS2d 552]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered May 29, 2007, which, to the extent appealed from, denied the motion of defendants New York City Housing Authority and Alliance Elevator Company to dismiss the complaint on the ground of plaintiff's failure to comply with three prior court orders directing her to respond to discovery requests, or, in the

alternative, to direct plaintiff to provide all outstanding discovery by a date certain, unanimously modified, on the law and the facts, to grant defendants' motion to dismiss the complaint unless plaintiff provides, for in camera review, all outstanding discovery sought in the August 3, 2006 demands within 30 days of service of a copy of this order, and otherwise affirmed, without costs, and the matter remanded for further proceedings consistent herewith.

Defendants demonstrated that the documents and information sought in the discovery demands at issue may be material and necessary to the fair resolution of this action (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406-407 [1968]). The records of plaintiff's doctors suggest that plaintiff's claims involve psychological and physical injuries that cannot be separated. Thus, defendants may be entitled to full disclosure of plaintiff's psychological history so as to determine, inter alia, which, if any, part of her claimed injuries is a result of the accident giving rise to this action and which is the manifestation of prior psychological conditions (*see Schecter v 210 E. 90th St. Owners*, 271 AD2d 224, 224-225 [2000]).

The matter is remanded to Supreme Court for an in camera review of the requested documents and a determination of the parties' competing claims of physician-patient privilege and waiver (*see Bluebird Partners v First Fid. Bank, N.J.*, 248 AD2d 219, 225 [1998], *lv dismissed* 92 NY2d 946 [1998]), and of the continued relevancy of such documents in light of plaintiff's withdrawal of her "psychological" claims. Concur—Tom, J.P., Saxe, Friedman and Buckley, JJ.