■ Thomas Molyneaux et al., Respondents, v City of New York et al., Appellants. [882 NYS2d 109]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered January 24, 2008, which granted plaintiffs' motion pursuant to CPLR 3126 to strike defendants' answer for noncompli-

ance with a prior conditional discovery order, and directed an assessment of damages, unanimously reversed, on the law and the facts, without costs, the motion denied and the answer reinstated. Appeal from order, same court (Edgar G. Walker, J.), entered August 10, 2007, which, inter alia, deemed defendants' cross motion to renew and reargue their prior cross motion for summary judgment as a motion to reargue, and, so considered, denied the motion as untimely, unanimously dismissed, without costs, as abandoned.

The injured plaintiff alleges that he sustained personal injuries when his car was hit in the rear by a commercial garbage truck. According to plaintiff, defendant police officer arrived at the scene, told plaintiff to stay in his car, assured him that he and the other responding officers would obtain the names of the truck's owner and driver and the truck's licence number and that a report of the accident would be available at the 52nd Precinct. Although the officers then proceeded to gather the information, when plaintiff went to the precinct and requested a copy of the report, he was told that no such report had been filed, and plaintiff has since been unable to obtain the information necessary to locate the owner or driver of the truck. The theory of the action is that because of the negligent mishandling of the report by defendants City and police officer, plaintiff, and his wife, who sues derivatively, were "deprived of the opportunity to seek recourse for [their] injuries."

The court improperly granted plaintiffs' CPLR 3126 motion in the absence of the required affirmation by their attorney that the latter had conferred with defendants' attorney in a good faith effort to resolve the issues raised by the motion (22 NYCRR 202.7 [a] [2]; *see Cerreta v New Jersey Tr. Corp.*, 251 AD2d 190 [1998]). In addition, there was also no clear showing that any failure by the City to comply with the conditional order was willful, contumacious or in bad faith (*see Reidel v Ryder TRS, Inc.*, 13 AD3d 170, 171 [2004]).

Defendants represent in their brief that they "recently filed a stipulation withdrawing [their] appeal from the August [10] 2007 Order" denying their cross motion seeking, inter alia, renewal of their motion for summary judgment; such withdrawal apparently was in response to such leave having been granted during the pendency of the appeal. The stipulation, however, is not on file with the Clerk of this Court. Accordingly, we deem the appeal from the August 10, 2007 order abandoned, and dismiss it. Concur—Gonzalez, P.J., Tom, Mazzarelli, Andrias and Saxe, JJ.