■ 241 Fifth Ave. Hotel, LLC, Appellant, v GSY Corp., Respondent/Cross Claim Respondent, et al., Defendant. Beekman Partners Group, LLC, et al., Cross Claim Defendants, and Beekman Conduit LLC et al., Cross Claim Defendants-Appellants. [973 NYS2d 129]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered August 17, 2012, which granted defendant GSY Corp.'s motion to strike cross claim defendant Dan Shavolian's answer and denied plaintiff 241 Fifth Ave. Hotel, LLC's cross motion for summary judgment, unanimously modified, on the facts, to deny the motion to strike and to reinstate the answer on the condition that, within 30 days of the date of entry of this order, cross claim defendant Shavolian finish the deposition begun on December 12, 2011, and to impose as a sanction attorney's fees and costs incurred by defendant GSY Corp. in making the motion to strike below, the matter remanded for calculation of these fees and costs, and otherwise affirmed, with costs.

This action arose out of plaintiff 241 Fifth Ave. Hotel, LLC's (241 Fifth Ave.) alleged default on a bridge loan issued by defendant GSY Corp. When 241 Fifth Ave. failed to repay the loan, GSY filed a UCC-1 financing statement listing 241 Fifth Ave. as a debtor of GSY. In response, 241 Fifth Ave. brought the underlying action seeking damages and to compel GSY to cancel the financing statement.

During discovery, the motion court issued a series of scheduling orders. On October 27, 2011, the court ordered 241 Fifth Ave. and the cross claim defendants, including Dan Shavolian, to appear for depositions beginning on December 5, 2011. Shavolian began his deposition on December 12, 2011, but did not complete it. On January 26, 2012, the court ordered that Shavolian continue his deposition beginning March 26, 2012. Shavolian did not appear; he has yet to complete his deposition.

GSY moved to strike Shavolian's answer. The cross claim defendants and 241 Fifth Ave. cross-moved for summary judgment. The motion court granted GSY's motion and struck Shavolian's answer, finding that Shavolian offered no reasonable excuse for his failure to complete his deposition. The court denied the cross motion for summary judgment as premature.

A party moving to strike a pleading pursuant to CPLR 3126 is required to submit an affirmation that counsel for the moving party has made "a good faith effort to resolve the issues raised by the motion" with opposing party's counsel (Uniform Rules for Trial Cts [22 NYCRR] § 202.7 [a] [2]). To be deemed sufficient, the affirmation must state the nature of the efforts made by the moving party to reconcile with opposing counsel (22 NYCRR 202.7 [c]; *see Mironer v City of New York*, 79 AD3d 1106, 1107-1108 [2d Dept 2010]).

Here, GSY's affirmation of its good faith effort to resolve the dispute with Shavolian did not substantively comply with the requirements of 22 NYCRR 202.7 (*see Chichilnisky v Trustees of Columbia Univ. in City of N.Y.*, 45 AD3d 393, 394 [1st Dept 2007]). In its affirmation in support of the motion to strike, GSY stated that it made "good faith efforts to proceed with disclosure," pointing to a letter it faxed to Shavolian's counsel. There is nothing in the letter, which was written before the continued deposition date, indicating that GSY's counsel actually conferred with Shavolian's lawyer in a good faith attempt to resolve the dispute (*see Molyneaux v City of New York*, 64 AD3d 406, 407 [1st Dept 2009]; *Mironer*, 79 AD3d at 1107-1108 [affirmation of good faith submitted by the moving party was "insufficient, as it did not refer to any communications between the parties that would evince a diligent effort by the plaintiffs to resolve the discovery dispute"]).

Furthermore, even if an argument could be made that such an effort would have been futile, there is no showing that Shavolian's failure to complete the deposition was in bad faith (*see Molyneaux*, 64 AD3d at 407) and "there is a strong preference in our law that matters be decided on their merits" (*Catarine v Beth Israel Med. Ctr.*, 290 AD2d 213, 215 [1st Dept 2002]). Thus, GSY's motion to strike Shavolian's answer should have been denied.

However, Shavolian's lengthy delay in completing his deposition warranted the imposition of a lesser sanction (*see Allstate Ins. Co. v Buziashvili*, 71 AD3d 571, 572-573 [1st Dept 2010]; *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798, 801 [2d Dept 2010]). Therefore, attorneys' fees and costs incurred in the making of the motion to strike are to be paid to GSY. Shavolian also must complete the deposition promptly, and this is his final opportunity to comply. In the event he does not comply within 30 days of the date of entry of this order, the motion to strike should be granted.

The motion court was correct in denying the motion for summary judgment as premature since key depositions had not yet taken place (*see Cannon v New York City Police Dept.*, 104 AD3d 454 [1st Dept 2013]). Moreover, in opposition to plaintiff's documentary evidence showing that defendant Jack Hazan is not a member of 241 Fifth Ave., GSY submitted Hazan's prior sworn written statement, submitted in unrelated litigation, in which Hazan stated that he is a member of 241 Fifth Ave. This raises a triable issue of fact regarding his membership.

We have considered the parties' remaining arguments and find them unavailing. Concur—Freedman, J.P., Richter, Feinman and Gische, JJ.