Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered March 18, 2013, which, to the extent appealed from as limited by the briefs, denied defendant Rainbow Transit, Inc.’s motion to compel plaintiffs to provide authorizations for the infant plaintiff’s medical records listed in an October 10, 2012 discovery demand, and granted plaintiffs’ cross motion for a protective order, unanimously reversed, on the law and the facts, without costs, plaintiffs’ cross motion denied, defendant’s motion granted as to the health care providers for which insurance codes were provided, and, as to the remaining providers, the matter is remanded for further proceedings in accordance herewith. Appeal from order, same court and Justice, entered July 10, 2013, which denied defendant’s motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable paper.
The infant plaintiff suffers from congenital defects, including cerebral palsy and spastic diplegia, which required that she walk with leg braces and be assisted by an assigned paraprofessional at all times while in school. Elaintiffs seek to recover damages for permanent injuries the infant allegedly sustained when she slipped and fell while attempting to walk into her middle school building by herself—that is, without the aid of an assigned paraprofessional, bus driver, or bus matron—after defendant Rainbow Transit, Inc., which operated the school bus that the infant plaintiff rode to school, had dropped her off. Elaintiffs assert that the subject accident has caused severe pain and permanent neurological and muscular-skeletal injuries to nearly every part of the infant’s body, especially her lower extremities, impairing her gait and balance, and making it difficult for her to ambulate. They claim further that these physical conditions, and a host of other debilitating mental and emotional injuries, have caused the infant to be unable to *575 perform usual daily functions, and have resulted in a “loss of enjoyment of the quality of life.”
Plaintiffs have provided many authorizations for medical records but have objected to the October 2012 discovery demand listing another 30 providers. For 21 of the listed providers, defendant provided the insurance codes that identified the specific conditions treated; the codes identify either the congenital defects from which the infant suffers or another condition relating to one of the physical, mental, or emotional injuries claimed in the bill of particulars. The infant’s mother testified that the infant had been treating with an orthopedic surgeon from a very young age, and had undergone nine surgeries to address her balance, gait, and other ambulatory problems. Further, the doctor who performed a neurological and psychiatric evaluation of the infant on defendants’ behalf noted this history, and opined that many of the injuries complained of are likely caused by, or associated with, the infant’s congenital conditions.
Under these circumstances, defendant demonstrated that the requested records are relevant to the mental and physical conditions that plaintiffs placed in controversy (see Walters v Sallah, 109 AD3d 401 [1st Dept 2013]; Colwin v Katz, 102 AD3d 449 [1st Dept 2013). Given the long-standing nature of the infant’s congenital conditions, defendant is entitled to authorizations for medical records unrestricted by date (see Colwin, 102 AD3d at 449; McGlone v Port Auth. of N.Y. & N.J., 90 AD3d 479 [1st Dept 2011]).
We remand to Supreme Court for an in camera review of the records of the nine providers for which defendant could not obtain insurance codes, to determine the records’ potential relevance (see Coreana v New York City Hous. Auth., 47 AD3d 523 [1st Dept 2008]), and then to fix reasonable parameters as to time frame and relevance (see Walters, 109 AD3d at 402).
Concur—Tom, J.P, Acosta, Moskowitz, Gische and Clark, JJ.