Villanueva v J.T. Magen & Co. Inc. (2023 NY Slip Op 02856)

Villanueva v J.T. Magen & Co. Inc.

2023 NY Slip Op 02856

Decided on May 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 30, 2023

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 155823/20 Appeal No. 346 Case No. 2022-03374 

[*1]Carlos Villanueva, Plaintiff-Appellant,
v
J.T. Magen & Company Inc., et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Fabiani Cohen & Hall, LLP, New York (Kevin B. Pollak of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about June 29, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motion to compel plaintiff to provide unrestricted HIPAA-compliant authorizations for medical and employment records relating to plaintiff's May 1, 2019 incident, as well as his 2012 workplace accident and his 2016 motor vehicle accident, unanimously affirmed, without costs.
Defendants demonstrated their entitlement to unrestricted authorizations for plaintiff's medical and employment records regarding plaintiff's July 2012 workplace accident, resulting in injury to both knees, his 2016 motor vehicle accident, resulting in injury to both knees and his lumbar spine, and the 2019 construction accident underlying this action, resulting in alleged injuries to his lumbar spine (see Kennedy v Ware, 201 AD3d 589, 589-590 [1st Dept 2022]).
While plaintiff did not expressly allege in his bill of particulars that his knees were injured in the 2019 construction accident, he alleged that he suffered "a permanent instability to walk normally and/or work" and "pain and difficulty with prolonged sitting, walking, climbing stairs, lifting and carrying heavy objects, performing strenuous activities, finding a comfortable position and sleeping." These alleged injuries may relate to plaintiff's knees as well as his lumbar spine (see Brito v Gomez, 33 NY3d 1126, 1127 [2019]; Wilson v Simpson W. Realty, LLC, 179 AD3d 417, 418 [1st Dept 2020]). Medical records pertaining to plaintiff's 2012 and 2016 accidents are therefore relevant in determining whether his injuries are attributable to those incidents rather than to the 2019 accident (see Abrew v Triple C Props., 178 AD3d 526, 527 [1st Dept 2019]; Caplow v Otis El. Co., 176 AD2d 199, 200 [1st Dept 1991]). Further, plaintiff's longstanding degenerative arthritic condition in both knees, as well as his pre-existing spondylolysis of the lumbar spine, warrants authorizations unrestricted by date (see Shamicka R. v City of New York, 117 AD3d 574, 574-575 [1st Dept 2014]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 30, 2023