| Parker v City of New York |
|:---:|
| 2024 NY Slip Op 31925(U) |
| June 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 156628/2021 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    HON. HASA A. KINGO

                         *Justice*

PART             05M

------------------------------------------------------------------------------X

KATHRYN PARKER, RYAN HUNTER

                 Plaintiffs,

           - v -

CITY OF NEW YORK, NEW YORK CITY HOUSING AUTHORITY,

                 Defendants.

------------------------------------------------------------------------------X

INDEX NO.       156628/2021

MOTION DATE      05/06/2024

MOTION SEQ. NO.     003

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 118, 119, 120, 121, 122, 123, 124, 125, 126, 128, 130, 131, 132, 133, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175

were read on this motion for                  DISCOVERY            .

     With the instant motion, made by Order to Show Cause, defendant New York City Housing Authority ("NYCHA") moves for an order compelling Plaintiffs Kathryn Parker ("Plaintiff") and Ryan Hunter's (collectively "Plaintiffs") to produce the following: 1.) unrestricted HIPAA compliant authorizations for all treatment pertaining to Plaintiff's Lupus; 2.) unrestricted HIPAA complaint authorizations related to Plaintiff's Raynaud's Disease; and 3.) unrestricted collateral source authorizations in consideration of Plaintiff's history of prior and subsequent similar injuries. Plaintiffs oppose the application. For the reasons stated herein, the motion is denied.

## BACKGROUND

     On April 9, 2024, this court held a status conference, bringing all parties before the court to argue the issues in contention. Defendants, the City of New York ("City") and NYCHA, asserted their entitlement to records pertaining to Lupus and Raynaud's disease, while Plaintiffs opposed such production. Following these arguments, the court issued an order on April 9, 2024, directing Plaintiffs to provide most of the production sought by the City and NYCHA, with the notable exception of records related to Lupus and Raynaud's disease.

     This order also mandated that "Plaintiff's counsel is directed to provide the NEW YORK CITY HOUSING AUTHORITY with a response to the NEW YORK CITY HOUSING AUTHORITY's forthcoming demand within fifteen (15) days of this order," and further instructed that "Plaintiff's counsel shall provide any additional authorizations and employment records consistent with the terms of this court's order within fifteen (15) days of this order."

     On the same day, April 9, 2024, NYCHA filed its demand, reiterating requests for Lupus and Raynaud's disease authorizations—issues that had been explicitly addressed and excluded in

the court's April 9, 2024 order. Additionally, NYCHA sought unrestricted collateral source authorizations without any limitation in scope or a stated basis for the same. Likewise, NYCHA made the request for unrestricted collateral source authorizations despite having been previously provided with collateral source authorizations from the date of the accident forward.

Plaintiffs responded on April 10, 2024, noting that, although not required by the court's order, they would provide an authorization for Dr. Grace Wright ("Dr. Wright"), a rheumatologist, from the date of the accident forward. By April 20, 2024, within the fifteen days stipulated, Plaintiffs had complied with all mandated responses as per the court's April 9, 2024 order.

Subsequent email correspondence revealed NYCHA's objection to Plaintiffs' inability to recall the name of a specific doctor from 2021. NYCHA then suggested an unrestricted collateral source authorization to resolve the issue, despite already having a collateral source authorization encompassing the date of the accident. Plaintiffs' counsel undertook the task of identifying the doctor, ultimately issuing the necessary authorizations. Upon identifying an error in one authorization date, it was promptly corrected. On April 23, 2024, Plaintiffs' counsel requested defense counsels to specify any further requirements within the parameters of the court's order, the CPLR, and the Case Scheduling Order ("CSO"), explicitly stating that an unrestricted collateral source authorization was not within those parameters.

No further communication ensued regarding authorizations until NYCHA brought forth the instant Order to Show Cause on May 6, 2024.

## DISCUSSION

Generally the test for disclosure pursuant to CPLR § 3101 is whether the information sought is material and necessary. The test is one of relevance, usefulness and reason (*Allen v Cromwell-Collier Pub. Co.*, 21 NY2d 403, 406 [1968]). CPLR § 3101(a) requires full disclosure of all evidence material and necessary to the prosecution or defense of an action, regardless of the burden of proof (*Weber v Ryder TRS, Inc.*, 49 AD3d 865, 866 [2d Dept 2008]). The terms "material and necessary" in this statute "must 'be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity'" (*Matter of Kapon v. Koch*, 23 NY3d 32, 38 [2014], *quoting Allen v. Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). Pursuant to CPLR § 3124 this court can, in its discretion, compel disclosure of information that a party fails to provide. Indeed, under CPLR § 3124, "[i]f a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order under this article… the party seeking disclosure may move to compel compliance or a response" (CPLR § 3124). Under the Uniform Civil Rules, "discovery disputes should be resolved through informal procedures, such as conferences," and discovery motions must be filed with "an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion" (Uniform Rules for Trial Cts [22 NYCRR] §§ 202.20[f]; 202.7[a], [c]). The affirmation must "indicate the time, place and nature of the consultation and the issues discussed and any resolutions or shall indicate good cause why no such conferral with counsel for opposing parties was held" (22 NYCRR § 202.7[c]).

156628/2021   PARKER, KATHRYN ET AL vs. CITY OF NEW YORK ET AL                    Page 2 of 4
Motion No.  003

2 of 4

"It is well-settled that a party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records under the liberal discovery provisions of the CPLR when that party has waived the physician-patient privilege by affirmatively putting his or her physical or mental condition in issue" (*Cynthia B. v. New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 456–457 [1983] [citations and footnote omitted]; *Dillenbeck v. Hess*, 73 NY2d 278 [1989]; *Koump v. Smith*, 25 NY2d 287 [1969]). "This waiver is called for as a matter of basic fairness: [A] party should not be permitted to affirmatively assert a medical condition in seeking damages or in defending against liability while simultaneously relying on the confidential physician-patient relationship as a sword to thwart the opposition in its efforts to uncover facts critical to disputing the party" claim.'" (*Arons v. Jutkowitz*, 9 NY3d 393, 409 [2007], quoting *Dillenbeck*, 73 NY2d 278, *supra*)

However, it is equally well-settled that "[t]he waiver of the physician-patient privilege made by a party who affirmatively asserts a physical condition in its pleading does not permit discovery of information involving unrelated illnesses and treatments" (*Barnes v. Habuda*, 118 AD3d 1443, 1444 [4th Dept 2014] [internal quotation marks omitted]; *McLane v. Damiano*, 307 AD2d 338, 338 [2d Dept 2003]; *Iseman v. Delmar Med.-Dental Bldg.*, 113 AD2d 276 [3d Dept 1985]). The concept of "relatedness" remains undefined within the jurisprudence of our appellate courts. The Appellate Division, First Department, has applied the standard of relevance "to the mental and physical conditions that plaintiffs placed in controversy" (*Shamicka R. v. City of New York*, 117 AD3d 574, 575 [1st Dept 2014].) However, the Appellate Division, First Department has also stated, "[a] defendant is entitled to discovery to determine the extent, if any, that plaintiff's claimed injuries and damages are attributable to accidents other than the one at issue here" (*McGlone v. Port Auth. of N.Y. & N.J.*, 90 AD3d 479, 480 [1st Dept 2011] quoting *Rega v. Avon Prods., Inc.*, 49 AD3d 329 [1st Dept 2008]).

Here, the court initially observes significant procedural deficiencies in NYCHA's motion. NYCHA fails to cite any CPLR provision, statute, rule, or controlling case law regarding their request for unrestricted authorizations. Ostensibly, this motion can be construed as being made under CPLR § 3124, as NYCHA is seeking to compel authorizations that Plaintiffs have refused to provide. However, such a motion must comply with 22 NYCRR § 202.7, requiring a good faith affirmation, which NYCHA did not provide. This omission warrants summary denial without addressing the substance of the Order to Show Cause (*see Cashbamba v. 1056 Bedford LLC*, 172 AD3d 415, 416 [1st Dept 2019]; *see also Diaz v. Reinersman*, 110 AD3d 616, 617 [1st Dept 2013], citing *Molyneaux v. City of New York*, 64 AD3d 406 [1st Dept 2009]).

Moreover, NYCHA's motion violates the law of the case doctrine by attempting to compel discovery that this court has already deemed not discoverable (*see e.g., Abe v. N.Y. Univ.*, 139 AD3d 416, 416 [1st Dept 2016][*citing Tenzer v. Capri Jewelry*, 128 AD2d 467, 469 [1st Dept 1987]). Here, at the prior status conference, comprehensive arguments were presented, leading to the April 9, 2024 order which explicitly excluded authorizations for Lupus and Raynaud's disease. Thus, the instant motion is procedurally improper and denied on the above-cited grounds.

Nevertheless, this court acknowledges, as have numerous other courts, the enduring and robust public policy favoring the resolution of cases and motions based on their merits (*see Johnson–Roberts v. Ira Judelson Bail Bonds*, 140 AD3d 509, 509 [1st Dept 2016]). Accordingly,

**156628/2021   PARKER, KATHRYN ET AL vs. CITY OF NEW YORK ET AL**                    **Page 3 of 4**
**Motion No.  003**

3 of 4

despite the procedural deficiencies noted above, this court proceeds to address the merits of NYCHA's application.

Assuming, *arguendo*, the motion was procedurally proper, denial is still warranted on the merits. NYCHA fails to present any evidence indicating that Plaintiff sought treatment for the injuries claimed in the accident from Dr. Wright, nor does the 50-h hearing testimony substantiate such a claim. Furthermore, Plaintiffs voluntarily produced authorizations for Dr. Wright's records covering 3.5 years post-accident, which encompasses the period of Plaintiff's CT scan referral.

To the extent that seeks additional information regarding Plaintiff's relevant treatment, it may pursue clarification at a deposition and thereafter submit a proper request for authorizations if justified. Presently, however, NYCHA's overbroad request lacks a reasonable basis.

Regarding NYCHA's request for records related to Raynaud's, NYCHA's argument that the condition's symptoms align with Plaintiff's alleged injuries is uncompelling because the list of alleged injuries does not include "fingers and toes," rendering NYCHA's request for Raynaud's records unfounded. Plaintiffs' counsel has agreed to stipulate to language to moot this request.

Finally, NYCHA's demand for an unrestricted collateral source authorization lacks support, as Plaintiffs have not placed her entire medical condition in controversy (*see Lindsay v. CG Maiden Member, LLC*, 211 A.D.3d 638, 638 [1st Dept 2022]). Such a request requires a showing of particularized need, which NYCHA fails to provide. Thus, this portion of the Order to Show Cause is also denied.

For the foregoing reasons, NYCHA's motion is denied in its entirety. Accordingly, it is hereby

ORDERED that the instant motion is denied in its entirety; and it is further

ORDERED that Plaintiff's deposition shall be held on Friday July 12, 2024, as agreed to by counsel on the record on April 9, 2024. Failure to adhere to this deposition date may result in the court entertaining applications for appropriate sanctions, if necessary; and it is further

ORDERED that the parties are directed to appear for a settlement conference at the courthouse located at 80 Centre Street, Room 320, on Monday August 5, 2024 at 11:00 AM.

This constitutes the decision and order of the court.

| 6/4/2024 | | | | |
| DATE | | | HASA A. KINGO, J.S.C. | |

CHECK ONE:  ☐ CASE DISPOSED   ☒ NON-FINAL DISPOSITION

☐ GRANTED   ☒ DENIED   ☐ GRANTED IN PART   ☐ OTHER

APPLICATION:  ☐ SETTLE ORDER   ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:  ☐ INCLUDES TRANSFER/REASSIGN   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

**156628/2021   PARKER, KATHRYN ET AL vs. CITY OF NEW YORK ET AL**                    **Page 4 of 4**
**Motion No.  003**

4 of 4